## BORST vs. BALDWIN.

Where a person takes an assignment of a judgment, with notice of a stipulation entered into by his assignor, the plaintiff in the judgment, relative to the method of enforcing it, he cannot maintain an action to have the stipulation vacated on the ground that his assignor was induced to enter into it by the fraud of the other parties to it.

The assignment of the judgment is an affirmance thereof, but will not carry with it a right of action for the fraud; nor is such right of action susceptible of assignment, so as to authorize the assignee to sue in his own name.

DEMURRER to the complaint, on the ground that it did not set forth facts sufficient to constitute a cause of action.

*L. H. Van Schaick*, for the plaintiff.

*Wm. B. Leeds*, for the defendant.

SUTHERLAND, J. The plaintiff had a claim, arising on contract, against the defendant George D. Baldwin and one William H. Adams, who were copartners under the firm name of Adams & Baldwin, as bank note engravers, for $3000, and which claim the plaintiff assigned to one John C. Ansman. Ansman, as assignee, brought an action in this court, on the claim against Adams & Baldwin; and issue being joined therein, the action was noticed for trial at the circuit. Baldwin proposed to the plaintiff, acting, as alleged, as the agent of Ansman in the management of the action, and in relation to the subject matter thereof, a settlement of the suit; and it was settled, by judgment being permitted to be entered up against the defendants in the action, for $1361.21, in pursuance of and upon the terms and conditions of a written agreement entered into between the parties. By this agreement Ansman stipulated to enforce the collection of the judgment out of the separate property of Adams, and not out of the property of Balwin, and to use all lawful means, by execution and supplemental proceedings, to enforce the collection of the judgment out of the property of Adams; and Baldwin

agreed to pay Ansman, in bank note engraving and printing, on demand, a sum not exceeding $680.62, or any deficiency less than that sum, which could not be collected out of Adams; and on payment of such deficiency, not exceeding $680.62, Baldwin was to be released from the judgment.

The complaint in this case, after alleging substantially these facts, alleges that this settlement, and the agreement under which the judgment was entered, were brought about by the fraud of Baldwin; setting out the facts and circumstances, and the alleged false representations of Baldwin, to show the fraud; that Adams was insolvent, and Baldwin knew it; that nothing had been or could be collected of Adams, although execution had been issued on the judgment, and supplemental proceedings instituted against him; that Baldwin's fraud was first discovered by Ansman and the plaintiff when the execution was issued; that Baldwin was and is responsible, and the claim could have been, and could now be, collected of him; that before the commencement of the action, the said "Ansman, for a valuable consideration, *sold, assigned and transferred the said judgment*" against Adams & Baldwin to the plaintiff; and that the said Adams & Baldwin are indebted to the plaintiff, on the judgment, in the sum of $1465.01, with interest thereon from November 28, 1856. On these facts the plaintiff asks, in his complaint, that the said *stipulation* or *agreement* may be set aside and declared null and void, and for such other relief as the court may think proper to grant. The defendant demurs, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The question, and the only question raised by the demurrer, is, whether the *plaintiff, as the assignee of the judgment merely*, conceding Ansman's right, on the discovery of the fraud, to bring this action, and ask for the relief sought by the plaintiff, can bring the action, or has any right to such relief.

Ansman, on his discovery of the fraud, could have consid-

---

Borst *v.* Baldwin.

---

ered the judgment void or voidable, and could have instituted an action, or proceedings, to set aside the stipulation and judgment, and have them declared void on the ground of the fraud; or he could affirm the judgment and stipulation, and hold Baldwin personally responsible, in an action for the deceit or fraud.

Ansman's assignment of the judgment to the plaintiff was an affirmance of the judgment by Ansman, and may have left in him the action or right of action against Baldwin, for the fraud; but the assignment of the judgment could not carry with it this right of action for the fraud; nor was it susceptible of assignment, so as to give the assignee a right of action in his own name. (*Zabriskie* v. *Smith*, 3 *Kern.* 322.)

The plaintiff took the judgment with knowledge of the stipulation restricting its operation, and must be presumed to have taken it subject to the stipulation, and in fact to have taken the stipulation as part of the judgment; and it would be very extraordinary if it could be presumed that the plaintiff took, under the assignment of the judgment, a right at the same time, and by the same assignment, to attack and repudiate the judgment.

In my opinion the complaint shows no cause of action in the plaintiff; and the defendant must have judgment on the demurrer, with costs.

[NEW YORK SPECIAL TERM, April 4, 1859. *Sutherland*, Justice.]