(30 Misc. Rep. 635.)

WEAVER v. LAWYERS' SURETY CO. OF NEW YORK.

(City Court of New York, General Term. December, 1901.)

ASSIGNEE OF CLAIM—RIGHT OF ACTION.
    Where a claim for goods sold is assigned together with a power of attorney to collect it, the assignee has no power to replevy the goods from the sheriff holding them under an execution against the vendees, nor to change such replevin suit, when brought, into one for conversion, as against a surety for the judgment creditor holding the proceeds of a sale of the goods by the sheriff in execution after their seizure in replevin.

Appeal from trial term.

Action by Stephen J. Weaver against the Lawyers' Surety Company of New York. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before HASCALL and DELEHANTY, JJ.

Stern & Rushmore (Charles E. Rushmore, of counsel), for appellant.

Blumenstiel & Hirsch (Emanuel Blumenstiel, of counsel), for respondent.

DELEHANTY, J. An intelligent understanding of this appeal requires a brief statement of facts, as follows: On or about June 29, 1893, the plaintiff, claiming to be the owner, by assignment from the Washington Mills Company, a foreign corporation, of certain property then in possession of the sheriff of New York county under certain executions against the firm of Goldman Bros., issued

by the Manhattan Bank, of this city, commenced an action of replevin against the sheriff to recover possession thereof. Thereupon the sheriff counter-bonded the goods, and on July 11, 1893, sold the same, and turned the proceeds thereof over to the execution creditor,—the bank in question. On July 20, 1893, an indemnity bond was executed to the sheriff on behalf of the Manhattan Bank by defendant herein, which is a party hereto by an order of substitution. Subsequent thereto an amended complaint was served herein, substituting a cause of action in conversion, based upon the same assignment, in place of the replevin suit originally instituted. Upon the trial a verdict for plaintiff was rendered for the amount claimed. The appellant then contended, and now argues with great force and ability, that the assignment in question never conveyed to plaintiff any title to the chattels in suit, but, upon the contrary, as appears thereby, was a mere assignment from the Washington Mills Company to plaintiff of the moneys due said company from Goldman Bros., as shown by the account annexed thereto. An inspection of this assignment shows it to be the form ordinarily used for the transfer of an account for goods sold and delivered. It assigned "any and all sums of money due, or to become due from Goldman Bros. of New York City, as shown by the account hereto annexed, marked 'Exhibit A,' " and "nominates, constitutes, and appoints the said Steven J. Weaver its true and lawful attorney, irrevocable, in its name or his own name, but for his own use and benefit, to ask, demand, receive, compound, and give acquittance for the same or any part thereof, and in its name or otherwise to prosecute and withdraw any suits or proceedings at law or in equity therefor." The exhibit referred to sets forth the dates, terms, and amounts of sales, with credits thereon, showing a balance due to said assignor of $1,383.81. The terms of the instrument are clear and unambiguous and, in our opinion, gave to the assignee the right to collect the account, but not to recover the merchandise. Originally the assignor had the power to rescind the sale and sue for the recovery of the goods themselves, or damages for their conversion, or rest upon the contract of sale, and sue for the purchase price. These remedies were optional, but the election of one would be a relinquishment of the other. Terry v. Munger, 121 N. Y. 161, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803. It is conceded here that the Washington Mills Company had the right to assign one or both of these remedies, and that the assignee would be bound thereby. In the case at bar, plaintiff's assignor never did anything in avoidance of the sale,—in fact, never took action one way or the other, except to execute the assignment in question; and as that instrument, as stated, gave no right to plaintiff to rescind the sale, it seems to us that thereby there was a confirmation of the transaction, and his remedy thereunder was limited to an action upon the account. Nor are we without precedent for so deciding. In Borst v. Baldwin, 30 Barb. 180, it was held that an assignment of a judgment which had been procured by fraud did not carry with it the right to set up the fraud for the purpose of setting aside or avoiding the effect of the judgment, but, on the contrary, that the assignment

of the judgment alone was in confirmation of the transaction pursuant to which it was entered, and that the remedies of the assignee were confined to the ordinary and usual proceedings to collect it. And in Birdsall v. Fuller, 11 Hun, 204, where defendant was the assignee of an account for goods sold and delivered to plaintiff, and commenced an action to recover same, issue was joined and the trial adjourned to a day certain. Upon that day the defendant therein did not appear. Plaintiff applied for and obtained leave to amend his complaint by alleging that the goods were obtained tortiously. Judgment was thereupon rendered in favor of plaintiff, and a body execution issued against defendant, under which he was arrested. In an action for false imprisonment the court said:

"The claim assigned to Fuller was an account for goods sold, and not a claim for damages for a tort. It is spoken of by all the witnesses as an 'account.' Fuller was not vested with any interest in a claim for tort, if there was one committed. He obtained the account only."

Respondent asserts that the intent of the parties in making this transfer was to give to plaintiff full authority to collect the account, or to sue to recover the goods or their value in the event of a conversion. The only evidence in the case in connection therewith, and which was received under objection and exception, bears a contrary construction. Mr. Pinless, the credit man of the Washington Mills Company, testified that Mr. Weaver was the selling agent and general manager of that company from 1889 to 1898, and that when suing for accounts or endeavoring to collect, for convenience sake, the company, being a foreign corporation, transferred its accounts to him. In our opinion, nothing more than that was done in this case,—a simple transfer for the purpose of suing and collecting the account in question. The authorities cited by the respondent to the contrary are not in point. They cover cases easily distinguishable from the one at bar, and, by implication, favor appellant's contention, —notably, the case of Hicks v. Cleveland, 48 N. Y. 84. There the sale by Gardner to Blossom was held entirely void, and the assignment to Hicks, based thereon, of no force or effect, but Judge Earle says that the assignment, in its original form, was clearly only of an account for the goods against Blossom; and the assignment here is no better than the one in that case. There it was claimed that the transfer paper, by mistake, did not express the intention of the parties, nor cover the property really sold; and parol evidence was admitted to show that the assignee purchased the property, and that the assignor, by the sale, clearly meant to give him the right to pursue and recover the same or its value. It was upon that testimony, not the bare assignment, as claimed by respondent, that the court of appeals said there would be little difficulty in holding that the transfer was intended to recover a claim for damages for conversion.

Under the proof in this case we are of the opinion, therefore, that a cause of action in conversion was not made out, and the complaint, if for no other reason, should have been dismissed on that account. Having reached this conclusion, it is unnecessary to discuss the other points raised by appellant, as it follows that the judgment and order

appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event.

HASCALL, J., concurs.