JONATHAN NIELD v. MARTIN BURTON, JAMES L. BURTON AND ARCHIBALD THOMPSON.

*Waiver of tort—Conversion—Joint tort-feasor*

Waiving the tort of a conversion and suing in *assumpsit* amounts to an election to regard the defendant as owner of the property converted, and estops the plaintiff from bringing trover against the defendants' vendee. And the fact that the first action was brought in a court which did not have jurisdiction does not destroy the effect of such election so far as the vendee is concerned.

Persons contracting to purchase timber which should become their property as soon as marked, are not thereby made joint wrong-doers with a vendor, who is not their agent, if without their knowledge, consent or ratification he cuts it from another's land.

Error to Marquette. Submitted June 22. Decided June 27.

CASE. Plaintiff brings error. Affirmed.

*F. O. Clark* for appellant. Tortious taking *is of itself .a conversion,* and in such case no demand is necessary in order .to maintain the action: *Farrington v. Payne* 15 Johns. 431; *Packard v. Getman* 4 Wend. 615; if a person exer-.cise dominion over property in exclusion or in defiance of

plaintiff's right, *it is a conversion*, whether for his own or another person's use: *Bristol v. Burt* 7 Johns. 254; *Murray v. Burling* 10 Johns. 172; *Allen v. Crary* 10 Wend. 349; *Fonda v. Van Horne* 15 Wend. 633; there can be no waiver of tort and suit in assumpsit in regard to personal property unless it has been sold and the money received for it: *Lockwood v. Thunder Bay River Boom Co.* 42 Mich. 540; *Watson v. Stever* 25 Mich. 386; Bouv. Dict. tit. "Estoppel"; Co. Litt. 352; 2 Pars. Cont. 793, 800; 1 Add. Cont. § 249; Herm. Estoppel §§ 329, 331, 342; Bigelow on Estoppel §§ 324, 556; the assertion of a valid ground of defence does not preclude reliance on a different one that is equally valid, and is *consistent with it: Vanneter v. Crossman* 42 Mich. 465.

*W. P. Healy* for appellee. If one elects between inconsistent remedies the right to pursue the other is forever gone: *Thompson v. Howard* 31 Mich. 309: *Vanneter v. Crossman* 42 Mich. 465; *Wilmot v. Richardson* 2 Keyes 519–528; *Goss v. Mather* 2 Lans. 283; *Ward v. Day* 4 B. & S. 337; *Smith v. Hodson* 4 Term 211; *Detroit v. Mich. Paving Co.* 38 Mich. 361.

CAMPBELL, J. Plaintiff sued defendants, who are Canadian timber merchants, for the conversion of timber cut by Donald Cameron on plaintiff's land in the Upper Peninsula and sold to defendants by Cameron. The defence allowed in the circuit court was that plaintiff had elected to waive the tort and pursue Cameron in *assumpsit*, for the value of the timber.

Suit was brought by attachment in plaintiff's name as a British subject residing in England, against Cameron as a resident of Marquette, in the United States Circuit Court for the Western District of Michigan, and levy was made on the property in dispute as Cameron's property. He gave bonds to the Marshal and got it back and delivered it to defendants, who purchased and paid for it as lawfully his.

We have no doubt that after thus electing to treat the property as belonging to Cameron and suing him for its price

plaintiff estopped himself from asserting title against his ven-
dees. They had a right to buy what plaintiff thus solemnly
disclaimed as his own and asserted to be Cameron's property.
He cannot dispute the change of title that he has encouraged
them to act upon.

The case shows that the action in the United States court
failed for a defect in jurisdiction over Cameron, who was
an alien and not suable in that court by another alien. But
this cannot, so far as defendants are concerned, affect the
previous election to treat Cameron as owner. They dealt
with property in accordance with plaintiff's own representa-
tions of record, and they cannot be damnified by his mistake
in choosing a forum. He has still his action against Cameron
in the State courts, and if the means are lost of following
the property itself, they are lost by his own proceedings.

It was insisted on the argument that the statute of 1875
which allows a land-owner to waive a tort and sue in *ass*ump-
*sit* was not designed to operate beyond the suit itself, and
that it cannot affect other wrong-doers who are liable
severally. It was therefore further insisted that inasmuch
as by their contract with Cameron timber was to become
their property as soon as marked, their liability was in exist-
ence before the suit against him, and was not affected by it.

If they were joint wrong-doers with Cameron this ques-
tion would be presented and might deserve attention. But
they were not. They agreed to purchase timber, but they
never authorized it to be cut from lands where the cutting
would be wrongful. The testimony is clearly the other way,
and no attempt was made to hold them on any such theory.
They could not become wrong-doers until some act was done
by themselves or their agents, authorized or ratified. Cam-
eron was not their agent. They asserted no control over the
timber personally until it was actually delivered to and
accepted by them. Before this took place the action of
*assumpsit* had been brought against Cameron for the price,
and so far as they were concerned there was no reason why
it should not justify them in treating the property as belong-
ing to him. That was the theory of the proceeding; and

a man who might have been dealt with purely as a wrong-doer, was, for what were supposed to be desirable reasons, sued as a purchaser for the price of the timber. The statute which allowed the action gave with it a right of suing out an attachment, and thus securing the claim, which could not be done in ordinary cases of breach of contract. The waiver was not made as a mere election of equivalent remedies, but as a means of getting an advantage of considerable importance, as the inducement to waive the tort.

We think the defendants cannot now be treated as wrong-doers. The judgment must be affirmed with costs.

The other Justices concurred.