Francis E. Terry et al., Appellants, *v.* George A. Munger, Respondent.

The owner of personal property which has been wrongfully converted by another may, although the property is retained by the wrong doer, waive the tort and sue for and recover its value upon an implied contract of sale.

Where, however, the owner thus elects to treat the transaction as a sale, the title to the property passes to the wrong doer.

In an action for alleged conversion, it appeared that plaintiffs, with full knowledge of the facts, brought a prior action and recovered a judgment against two other persons on account of the same transaction, which action was upon an implied contract to pay the value of the property as upon a sale thereof by plaintiffs to the defendants therein. *Held*, that the judgment-roll in the former action was properly received in evidence, not by way of estoppel, but as showing that plaintiffs had elected to treat the taking of their property as a sale; that they could not maintain an action against another person for an alleged conversion, founded upon his participation in the same acts which they had thus treated as constituting a sale; and that the election was binding upon plaintiffs, not only in favor of the defendants in the former action, but also as to all others.

*It seems*, that proof of the commencement of the former action, with full knowledge of all the facts, would have been just as conclusive upon the question of election, as was the judgment.

*E. C. F. Co.* v. *Hersee* (103 N. Y. 25), distinguished.

When it becomes necessary to elect between inconsistent rights and remedies, the election, when made, will be final and cannot be reconsidered, even where no injury has been done by the choice or would result from setting it aside.

As to whether an action would be maintainable by plaintiffs against defendant, based upon an implied joint and several promise by him and the defendants in the former action to pay the value of the property as upon a sale, *quære*.

Reported below, 49 Hun, 560.

(Argued March 14, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of October, 1888, which affirmed a judgment in favor of defendant entered upon a verdict directed by the court.

This was an action for conversion.

The facts, so far as material, are stated in the opinion.

*J. M. Dunning* for appellants. It is submitted that the construction put by the Court of Appeals upon the complaint in *Goodwin* v. *Griffis* (88 N. Y. 629), is not controlling in this action. (*White* v. *Scott,* 4 Barb. 56 ; *Neftel* v. *Lightston,* 77 N. Y. 99 ; *Williams* v. *Fitzhugh,* 44 Barb. 321 ; *Brownell* v. *Knight,* 51 id. 267.) The fact that the judgment-roll in *Terry et al.* v. *Kipp et al.* was received in evidence, did not change the rights of the parties. (*E. F. Co.* v. *Hersee,* 33 Hun, 176 ; *Merrick's Estate,* 5 W. & S. 9 ; Herman on Estoppel ; 2 Smith's L. C. 140 ; *Jones* v. *Brinkerhoff,* 3 Johns. Ch. 181 ; *Rathbone* v. *Hooney,* 58 N. Y. 463–467 ; *A. D. D. Co.* v. *Mayer,* 53 id. 64 ; *Lawrence* v. *Campbell,* 33 id. 455 ; *Maybee* v. *Avery,* 18 Johns. 352 ; *Brown* v. *Littlefield,* 11 Wend. 467 ; *Mattage* v. *Pool,* 15 Hun, 556, 558 ; *Steinfield* v. *Simmonson,* 4 id. 429, 432 ; *E. F. Co.* v. *Hersee,* 3 id. 278 ; *Curtis* v. *Williamson,* 11 Eng. R. R. Cas. 149 ; *Campbell* v. *Hale,* 16 N. Y. 575 ; *People* v. *Murray,* 73 id. 538 ; *Frost* v. *Koon,* 30 id. 428 ; *Booth* v. *Powers,* 56 id. 22 ; Herman on Estoppel, § 471 ; *Bissell* v. *Kellogg,* 65 N. Y. 432 ; *Morris* v. *Lucas,* 8 Black. 9 ; Starkie on Ev. [10th ed.] 97, 317, 319 ; *Fitzhugh* v. *Croghan,* 2 J. J. Marsh, 442 ; *Barring* v. *Fanning,* 1 Paine's C. C. 549 ; *Chapman* v. *Chapman,* 1 Munf. 398 ; *Goddard* v. *Benson,* 15 Abb. Pr. 191 ; *Jewett* v. *Miller,*

10 N. Y. 402; *Carpenter* v. *Stillwell,* 11 id. 61; *Whedon* v. *Champlin,* 59 Barb. 61; *Lawrence* v. *Brown,* 5 N. Y. 394; *Wright* v. *Douglass,* 10 Barb. 97; *Martin* v. *Angell,* 7 id. 407; *Malony* v. *Horan,* 49 N. Y. 111; *Van Deusen* v. *Sweet,* 51 id. 378; *Payn* v. *Burnham,* 62 id. 69; *Garling* v. *Whitewell,* 51 Barb. 208; *Rice* v. *Dewey,* 54 id. 455; *Monpin* v. *Crampton,* 8 Bibb. 214; *Muller* v. *Ponder,* 55 N. Y. 335; *Finnegan* v. *Carahar,* 47 id. 493; *Delzell* v. *Odell,* 3 Hill, 215; *Copeland* v. *Copeland,* 28 Me. 525; *Brown* v. *Brown,* 30 N. Y. 519; *Frost* v. *Ins. Co.,* 3 Den. 154; *Bank* v. *Bank,* 50 N. Y. 575; *Krekeler* v. *Ritter,* 62 id. 372; *Myenburg* v. *Haynes,* 50 id. 675.) The cause of action in the former suit is not inconsistent with the cause of action in the present suit, assuming that the plaintiffs waived the tort in the former suit. They are both actions arising in tort. (*Chambers* v. *Lewis,* 11 Abb. Pr. 10; *Goff* v. *Craver,* 34 Hun, 150; 3 Phil. on Ev. 404, 405; *Hill* v. *Davis,* 3 N. H. 384; *Arilla* v. *Lockwood,* 98 N. Y. 33; *Allaire* v. *Whiting,* 1 Hill, 488; *Bowman* v. *Teall,* 23 Wend. 309; *A. D. D. Co.* v. *Mayer,* 53 N. Y. 64; *Hyde* v. *Noble,* 13 N. H. 494; *Barron* v. *Davis,* 4 id. 338.) The court erred in overruling the plaintiffs' objection to the admission of the judgment-roll, on the ground that no such defense as was thus sought to be established was set up in the answer. (Starkie on Ev. [10th ed.] 342, 343; *Wood* v. *Jackson,* 8 Wend. 10; *Trenvan* v. *Lawrence,* 1 Salk. 276; *Oatman* v. *Midwood,* 3 East. 36; *Voight* v. *Winch,* 2 Barn. & Ald. 668; *Colos* v. *Carter,* 7 Cow. 601, 602; *Fowler* v. *Hart,* 10 Johns. 111; *Brown* v. *Wild,* 12 id. 455; *Dimick* v. *Chapman,* 11 id. 132; *Ely* v. *Ehle,* 3 id. 511; *McKyring* v. *Bull,* 10 id. 297; *Morrell* v. *Ins. Co.,* 33 id. 429; *Rapelye* v. *Stewart,* 27 id. 310; Code Civ. Pro. § 500.) The plaintiffs were entitled to go to the jury upon the question of the election of remedies, assuming that question was in the case. (*Brown* v. *Brown,* 30 N. Y. 541.)

*George Bowen* for respondent. This court has decided that the action brought against Kipp and P. W. Munger, in

which the plaintiffs recovered a judgment against the defendants, was in the nature of *ex contractu,* and not *ex delicto.* (*Goodwin* v. *Griffis,* 88 N. Y. 629, 637.) Plaintiffs, by bringing their action upon contract against two of the parties who were engaged in removing the property in question, to recover the value of their interest therein, as upon a sale of the property, with full knowledge of all the circumstances and prosecuting said action to judgment, then and there elected their remedy as upon contract, admitted that they had parted. with the title to it at that time, and that such election is irrevocable against the world. (*Sanger* v. *Wood,* 3 Johns. Ch. 416; *Morris* v. *Rexford,* 18 N. Y. 552, 557; *Littlefield* v. *Brown,* 1 Wend: 398; *Roderman* v. *Clark,* 46 N. Y. 354, 357; *Acker* v. *Hotchkiss,* 97 id. 395; *Bank* v. *Beale,* 34 id. 473; *Riley* v. *A. S. Bank,* 36 Hun, 513, 522; *Moller* v. *Tuska,* 87 N. Y. 166; *Boots* v. *Ferguson,* 46 Hun, 129; *Conrow* v. *Little,* 115 N. Y. 387.) Under the general issue or a general denial of all the allegations of the complaint defendant may controvert, by evidence, any and every fact which the plaintiff is bound to establish to make out his cause of action. (*Raynor* v. *Timerson,* 46 Barb. 518; *Andrews* v. *Bond,* 16 id. 633, 642; *Schwartz* v. *Oppold,* 74 N. Y. 307; *Creque* v. *Sears,* 17 Hun, 123; *Muser* v. *Lewis,* 14 Abb. [N. C.] 333; 1 Rumsey's Pr. 353; *Marsh* v. *Pier,* 4 Rawle, 273.)

Peckham, J. The plaintiffs commenced an action heretofore against two other persons named respectively Kipp and Munger, on account of the same transaction for which this action was brought against the above-named sole defendant. The character of the complaint in that action was before this court, and the case is reported in 88 N. Y. 629. The defendants in that case were charged with detaching and carrying away from the mill the machinery in question in that case and also in this and using it for themselves. It was there held, upon a perusal of the complaint, that the action was of a nature *ex contractu,* and not *ex delicto* for the wrong done plaintiffs by the conversion of their property. As the defend-

ants therein had not, after their conversion of it, themselves sold or otherwise disposed of the property which they acquired from the plaintiffs, the fiction of the receipt by defendants of money for the sale of the property, which *ex æquo et bono* they ought to pay back to plaintiffs and which they, therefore, impliedly promised to pay back, could not be indulged in, and the position of the parties would have been, at one time, the subject of some doubt whether there was any foundation for the doctrine of an implied promise in such case, or any possibility of the waiver of the tort committed by the defendants in the conversion of the property.

In some of the states it has been denied and such denial placed upon the ground that the property remained in the hands of the wrong doer, and, therefore, no money having been received by him in fact, an implied promise to pay over money had and received by defendant to the plaintiffs' use, did not and could not arise. Such was the case of *Jones* v. *Hoar* (5 Pick. 285). But the great weight of authority in this country is in favor of the right to waive the tort even in such case. If the wrong doer has not sold the property, but still retains it, the plaintiff has the right to waive the tort and proceed upon an implied contract of sale to the wrong doer himself, and, in such event, he is not charged as for money had and received by him to the use of the plaintiff. The contract implied is one to pay the value of the property, as if it had been sold to the wrong doer by the owner. If the transaction is thus held by the plaintiff as a sale, of course the title to the property passes to the wrong doer when the plaintiff elects to so treat it. (Pomeroy's Remedies and Remedial Rights [2d ed.], §§ 567, 568, 569; *Putnam* v. *Wise*, 1 Hill, 234, 240; *Berly* v. *Taylor*, 5 id. 577, 584; *Norden* v. *Jones*, 33 Wis. 600, 605; *Cummings* v. *Vorce*, 3 Hill, 283; *Spoor* v. *Newell*, Id. 307; *Abbott* v. *Blossom*, 66 Barb. 353.) We think this rule should be regarded as settled in this state. The reasons for the contrary holding are as well stated as they can be in the case above cited from Massachusetts (5 Pick.), and some of the cases looking in that direction in this

state are cited in the opinion of TALCOTT, J., in the case reported in 66 Barb. (*supra*). We think the better rule is to permit the plaintiff to elect, and to recover for goods sold, even though the tort feasor has not himself disposed of the goods.

There is no doubt that the complaint in the former case reported in the 88th New York, proceeded upon the theory of a sale of the property to the defendants in that action, and it was so construed by this court, and we have no inclination to review the correctness of that decision. We have then the fact that the defendants in that action were sued by the plain. tiffs herein, upon an implied contract to pay the value of the property taken by them, as upon a sale thereof by plaintiffs to them. The plaintiffs having treated the title to the property as having passed to the defendants in that suit by such sale, can the plaintiffs now maintain an action against another person, who was not a party to that action, to recover damages from him for his alleged conversion of the same property, which conversion is founded upon his participation in the same acts which plaintiffs in the old suit have already treated as constituting a sale of the property? We think not. The judg- ment-roll in the former action was received in evidence upon the trial of this case, against the objection of the plaintiffs, and notwithstanding the fact that the defendant herein was not a party to such action. It appears that all the facts surrounding the transaction as to the taking of the property were known to the plaintiffs at the time when they commenced their action on the implied contract of sale.

The plaintiffs objected to the introduction of the judgment- roll as incompetent and immaterial, and that there was no such defense set up in the answer.

The plaintiffs claim that the admission of such judgment violated the well-known general rule that a judgment is not binding upon any but parties and privies. We think the decision does not trench upon the rule in question. If the judgment had been introduced for the purpose of proving any fact adjudicated thereby, any fact in litigation therein, or

which properly might have been so litigated, the rule would doubtless apply, and no such fact would or could be proved in favor of the defendant herein as against the plaintiffs by such judgment, because the defendant was not a party or privy to it. It was not by way of estoppel, however, that the judgment was admissible. It was admissible for the sole purpose of showing that the plaintiffs had elected to treat the taking of this property as a sale, and this was shown by a perusal of the complaint therein.

Any decisive act of the plaintiffs, with knowledge of all the facts, would determine their election in such a case as this. (*Sanger* v. *Wood*, 3 Johns. Ch. 416, 421.)

The proof that an action of that nature had been in fact commenced would have been just as conclusive upon the plaintiffs upon the question of election (proof of knowledge of all the facts at that time being given) as would the judgment have been. It was not necessary that a judgment should follow upon the action thus commenced. In those cases where the commencement of an action has not been regarded as an election of remedies, the fact has appeared that the plaintiff, at the time of its commencement, was not aware of the facts which would have enabled him to elect, or at least it did not appear that he was acquainted with the facts when he commenced his action. Such is the case in *E. C. F. Co.* v. *Hersee* (103 N. Y. 25). Here the plaintiffs knew all the facts when they sued the other defendants.

The case of *Conrow* v. *Little* (115 N. Y. 387, 393) is to the effect that the commencement of the action, where all the facts are known, is conclusive evidence of an election. Judge DANFORTH in that case, in speaking of plaintiffs' election to affirm or avoid the contract therein spoken of, said the plaintiffs could affirm or rescind it. "They could not do both, and there must be a time when their election should be considered final. We think that time was when they commenced an action for the sum due under the contract." It was also held that the discontinuance of that action was immaterial. It was the fact that the plaintiffs once elected their remedy and acted

affirmatively upon such election that determined the issue. After that the option no longer existed, and it was of no consequence, therefore, whether the plaintiffs did or did not make their choice effective. When it becomes necessary to choose between inconsistent rights and remedies, the election will be final, and cannot be reconsidered even where no injury has been done by the choice, or would result from setting it aside. (2 Herman on Estop. & Res Adjud. 1172, § 1045.)

The plaintiffs having by their former action, in effect, sold this very property, it must follow that at the time of the commencement of this one they had no cause of action for a conversion in existence against the defendant herein. The transfer of the title did not depend upon the plaintiffs recovering satisfaction in such action for the purchase-price. It was their election to treat the transaction as a sale which accomplished that result, and that election was proved by the complaint already referred to.

But it is urged that this election of the plaintiffs is not binding upon them in favor of the defendant herein, because it was only against the defendants in the other action that they made their election. It is said there is no case to be found where an election has been treated as binding in favor of a stranger to the transaction, and that the defendant herein is such stranger so far as the plaintiffs' transaction with the defendants in the other action is concerned.

I do not think this claim can be maintained. In the first place, what is the nature of the plaintiffs' act in electing to consider the transaction as a sale? It is a decision or determination upon their part to in effect ratify and proclaim the lawfulness of the act of taking the property, and it is an assertion on the plaintiffs' part that in so doing the plaintiffs' interest in the property was purchased, and that thereby their whole title was transferred and they ceased to own any part of the property, and that those who took it impliedly promised the plaintiffs to pay them the value of their interest in such property. This being so, why does not such transfer of title bind the plaintiffs as to the whole world? Surely, the title which

plaintiffs once had in the property cannot at the same time rest with them and pass to those who took it. If the title really once passed, that would be a fact actually existing, which anybody ought to have the right to prove if it became material in protecting his own rights, unless there were some equitable considerations in such case which should prevent it. I cannot see that any exist here. With full knowledge of all the facts, the plaintiffs deliberately elected to treat the transaction, in which this defendant's share was well known, as a sale of the property, and now they propose to recover from this defendant damages for the conversion by him of the very same property which they have already said they sold by virtue of the very transaction which they now claim amounted to a conversion of the property by this defendant. Why should the defendant not be permitted to set up such sale as a complete defense to this action? The plaintiffs have done nothing by reason of defendant's acts which should estop him from setting up this defense. Their situation has not since been altered for the worse by anything the defendant has done. If not, then the fact that the plaintiffs sold the property by virtue of the transaction which they now seek to treat as a conversion of it by this defendant, must and ought to operate as a perfect bar to the maintenance of this action. And this is not in the least upon the principle of equitable estoppel. It is upon the principle that the plaintiffs, by their own free choice, decided to sell the property, and, having done so, it necessarily follows that they have no cause of action against defendant for an alleged conversion of the same property by the same acts which they had already treated as amounting to a sale.

In *Conrow* v. *Little* (115 N. Y. 387), already cited, the plaintiffs' election to affirm the contract between them and Branscom, evidenced by their commencement of the attachment suit, was held conclusive upon them, and the defendants were permitted to take advantage of such election, although they were not parties or privies to the plaintiffs' suit against Branscom. The defendants were enabled to take advantage

of · it, because such election showed that the plaintiffs had affirmed their contract with Branscom, and the plaintiffs' suit against defendants Little could only be maintained upon the assumption that such contract had been rescinded. If the other suit had gone to judgment, would not such judgment have been admissible for the purpose of showing the naked fact of the election of plaintiffs to affirm the contract? I have no doubt of it.

In *Fowler* v. *B. S. Bank* (113 N. Y. 450), we held that the action could not be maintained, because the plaintiff, by suing the party to whom the bank had already wrongfully paid the money, elected to regard such payment as rightfully made, and a cause of action against the bank to recover against it the amount of its former indebtedness to the plaintiff, was held to have been forever abandoned because of such election. · In that case in order to prove the fact of election, the defendant proved the commencement . of the former action by the plaintiff, and it was proved, as we assume, by the production of the judgment-roll in such former action. It was admissible for the same purpose for which the judgment was admissible in this case, viz.: to prove the fact of the plaintiff's election to pursue a totally inconsistent remedy. The defendant was not precluded from availing itself of such defense, although it was neither a party or privy to the judgment which proved the fact of such election.

In *Bank of Beloit* v. *Beale* (34 N. Y. 473), the plaintiff put in evidence a judgment-roll in which it was neither a party nor privy to show that Sweet had made an election therein, which bound him, and consequently the defendant Beale. · This court held the judgment conclusively proved the election.

These views are fatal to the maintenance of this present action for a conversion against the defendant.

If the plaintiffs herein had commenced their action against this defendant, based upon an implied promise by him to pay the value of the property, as upon a sale thereof to him in connection with the defendants in the other suit, a totally differ-

ent question would have arisen, upon which we express no opinion. The plaintiffs, in such action, might urge that it ought to be sustained upon the ground that the defendant herein was one of the wrong doers in the transaction resulting in the taking of this property, and that the tort therein committed by him and the defendants in the other suit, was a joint and several one for which they were jointly and severally liable, and when the tort was waived by the plaintiffs and an implied contract was based upon such waiver, the contract implied was of the same nature as the tort which was waived, and was a joint and several contract. Being a joint and several contract, an action against the other defendants upon their several contract, and a recovery of judgment without satisfaction, would constitute no defense to an action against this defendant, based upon his several and implied contract to pay the value of the property. There may be some authority for this course of reasoning. (*C. N. Bank* v. *N. P. Bank*, 32 Hun, 105.) We neither affirm nor deny its soundness, and only refer to it in order to repel any possible implication that in this decision we have held that no such action could be maintained. But even if such an action would lie, we cannot turn the present one for a conversion of the property into one to recover the value thereof as upon a sale to defendant. (*People* v. *Dennison*, 84 N. Y. 272 ; *Romeyn* v. *Sickles*, 108 id. 650).

As to the other ground of objection taken by the plaintiffs, we think the evidence was admissible for the reasons stated by the learned judge at General Term.

Upon the whole case, we are satisfied that no error was committed prejudicial to the plaintiffs, and the judgment should be affirmed, with costs.

All concur, RUGER, Ch. J., and ANDREWS, J., in result.

Judgment affirmed.