D. C. MUENSTER v. A. F. FIELDS ET AL.

No. 847.—Decided January 6, 1896.

1. **Measure of Damages—Goods Wrongfully Seized.**

Goods were unlawfully seized and sold by a sheriff under legal process against a third party. The owner bought them at the sale by the sheriff. Held: That the owner, in suit for the unlawful conversion, could only recover the amount paid for the goods by him at the sheriff's sale with interest, and such special damages as accrued by any depreciation in value while withheld from him. (P. 103.)

2. **Cases Overruled.**

Schoolher v. Hutchins, 66 Texas, 324, and Casey & Swasey v. Chator, 5 Texas Civ. App., 385, overruled. (P. 103.)

APPLICATION for writ of error to Court of Civil Appeals for Third District, in an appeal from Caldwell County.

The application for writ of error, after the address, is as follows:

"Plaintiff in error sued in the District Court for the value of certain goods converted by appellant (Fields), of the value of $1293 with legal interest.

"Defendant in error pleaded among other things that plaintiff in error had bought the goods at sheriff's sale for $725 and, if entitled to recover, he could only recover the price paid at sheriff's sale with interest."

"There was a verdict and judgment for plaintiff in error against defendant in error, in the District Court, for the sum of $1293, with 6 per cent. interest from date of seizure.

"On appeal to the Court of Civil Appeals, Third District, by defendant in error, the Court of Civil Appeals, October 30, 1895, reversed and remanded said cause to the District Court of Caldwell County alone on the ground that the measure of damages was excessive. Plaintiff in error in due time filed in said court in said cause a motion for rehearing, which motion was overruled November 27, 1895.

"That in reversing and remanding said cause the Court of Civil Appeals held that the plaintiff in error could only recover as damages the amount paid by him at sheriff's sale, for the goods, and that he was not entitled to recover the value of the goods seized, at the time and place of conversion, with legal interest thereon from the date of conversion; which, as a question of law, is erroneous, and is in conflict with the decision of the Court of Civil Appeals for the Fifth District of Texas, as held in the cases of Casey and Swasey v. Chator (5 Texas Civ. App., 385); and the doctrine announced is in conflict with the decisions of the Supreme Court in the case of Schoolher v. Hutchins, 66 Texas, 330, and the case of Hart & Co. v. Blum, 76 Texas, 117.

"Petitioner prosecutes this writ of error upon the following assignment of error:

"The Court of Civil Appeals erred in holding that plaintiff in error 'was only entitled to recover the price paid by him at sheriff's sale for the

goods, with legal interest thereon, and such special damages as accrued by any depreciation in value of the property while it was withheld from him,' the proper measure of damages being the value of the property converted, at the time and place of conversion, with legal interest from the date of conversion."

"Based upon the error assigned in said motion for rehearing and upon the decision of said Court of Civil Appeals being in conflict with the decision of the Fifth Court of Civil Appeals, holding in substance that: "Where property is wrongfully seized and taken from the owner by the sheriff by virtue of an execution, the owner can recover for the value of the same at the time of seizure; and it is immaterial, as between the judgment creditor and the owner of the property, that the owner bought the property at the sheriff's sale.'

"The facts in the case were that appellants caused an execution to be levied upon property of appellees of the value of $2000, which was sold by the sheriff under execution and at the sale bought by appellee for $950, and in the suit appellee recovered judgment for $2000, value of the goods, which judgment was affirmed on appeal, with 10 per cent. damages (5 Texas Civ. App., 336); and in conflict with the decision of the Supreme Court in Schoolher v. Hutchins, 66 Texas, 324, which is discussed in the opinion of the court, on appellee's motion for rehearing.

GAINES, CHIEF JUSTICE.—We are clearly of the opinion that the application for the writ of error in this case should be refused. But since the decision of the Court of Civil Appeals overrules not only a former decision of this court, but also the ruling of another court of civil appeals, we deem it proper for the future guidance of the profession to express our concurrence in their opinion. The judgment of the trial court was reversed and the cause remanded by the Court of Civil Appeals, and the conflict alone gives us jurisdiction of the application.

The opinion of the court of Civil Appeals ably reviews the authorities upon the question presented, and is, as we think, unanswerable. We have made a careful and possibly an exhaustive research and have found no case, save those in our own courts, in which a contrary doctrine is announced. To those cited in the opinion of the Court of Civil Appeals in support of their ruling may be added the following recent cases: Kline v. McCandless, 139 Pa. St., 223; Fields v. Williams, 8 So. Rep. (Ala.), 808.

The application for the writ of error is refused.

*Application refused.*