HARMAN v. LOSCALZO.

(Supreme Court, Appellate Term.  November 11, 1910.)

ACTION (§ 28*)—CONTRACT OR TORT—WAIVER OF TORT.
    Where an officer of a corporation took and retained for his own use property belonging to it, the corporation or its assign was entitled to waive the tort and proceed on the theory of quasi contract to recover the value of the property as for goods sold and delivered.
    [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 196–215; Dec. Dig. § 28.*]

    Appeal from Municipal Court, Borough of Manhattan, Ninth District.

    Action by Edward V. Harman against Antonio Loscalzo. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

    Argued before SEABURY, PAGE, and BIJUR, JJ.

    Hoerner & Miller, for appellant.
    Brande & Weber, for respondent.

    PER CURIAM.  This action is based upon an assigned claim for goods sold and delivered.  The original assignor was a corporation, and the defendant was an officer of the corporation at the time of the alleged sale and delivery of the goods.  The lower court awarded judgment for the defendant, and wrote a short opinion, in which it stated reasons for so doing.  The court said:

    "There was no sale of the goods mentioned.  The defendant, as vice president of said company, took and retained for his own use property belonging to the corporation, for the value of which he undoubtedly is liable in a proper action to be brought for its recovery."

    It is clear that the learned court below rendered judgment upon an erroneous theory of the law.  The plaintiff had the right to waive the tort and proceed upon the theory of contract; the contract being the implied promise, on the part of the wrongdoer, to pay the value of the property as if it had been sold by the owner.  Terry v. Munger, 121 N. Y. 161, 165, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803. The plaintiff has elected to take advantage of one of the remedies provided by law, and his complaint should not have been dismissed for so doing.

    Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.