## STALICK v. SLACK.

(Circuit Court of Appeals, Eighth Circuit. November 15, 1920.)

No. 5527.

**Bankruptcy ⊜⟹318(1), 320—Claimant may waive tort and file claim on implied contract.**

If a bankrupt has become unjustly enriched by his embezzlement, larceny, or conversion of the goods of another, the owner may waive any action of tort and prove a claim against the bankrupt's estate on the implied contractual obligation of bankrupt to pay for the goods; but, if he elects to disavow any contract, as he may do, and claim damages for the tort, his claim is not a provable debt, under Bankruptcy Act, § 63a (4) (Comp. St. § 9647a [4]).

Appeal from the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

John Stalick appeals from a decree of the District Court, affirming an order of the referee disallowing, on the objection of Harry Slack, trustee in bankruptcy, appellant's claim. Affirmed.

A. M. Edwards, of Santa Fé, N. M., for appellant.

A. T. Hannett, of Gallup, N. M., for appellee.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The appellant, Stalick, filed a claim against the estate of the bankrupt, which was disallowed by the referee in bankruptcy. He petitioned the District Court to review that order. The District Court affirmed the order of the referee, and from that order this appeal is prosecuted. The appellant's contention is that his claim is for the value of a large amount of whisky which was stolen from him by the bankrupt, and that he is entitled to have his claim allowed, notwithstanding the provisions of the Constitution of New Mexico forbidding the sale or barter of alcoholic beverages.

An examination of the record discloses the fact that no copy of appellant's claim is set forth. The case was heard before the District Court upon a certificate and order of the referee. The referee endeavored to follow the directions of General Order in Bankruptcy No. 27, by certifying to the judge the question presented, and the finding and order of the referee thereon. His certificate shows that Stalick began an action at law in the state court of New Mexico against the bankrupt, alleging that the bankrupt had stolen the whisky and thereby caused him damages; that under the laws of New Mexico attachments may be issued against the defendant's property in actions for torts; that Stalick procured an attachment to be issued in his action, and to be levied on the bankrupt's property, but that there was an adjudication in bankruptcy before a trial of his case could be had in the state court; and that this adjudication vacated the attachment.

On this statement of facts the referee found as a conclusion of law that claims founded solely in tort, and not reduced to judgment before the adjudication in bankruptcy, are not provable claims against the bankrupt's estate, and disallowed Stalick's claim. The appellant's petition for review of the order was submitted to the District Court solely on the referee's certificate and the argument of counsel, and the District Court made an order finding that, under the facts as disclosed by the referee's certificate, the cause of action of appellant was in tort, and, if on an express or implied contract, such contract was unenforceable at law, and approved the referee's order.

Among the debts which may be approved and allowed against the estate of a bankrupt by the provisions of section 63 of the Bankruptcy Act (Comp. St. § 9647a [4]) are those which are "founded upon an open account, or upon a contract, express or implied." The appellant contends that his claim was provable under this portion of the statute.

It is an established rule in the national courts that if a bankrupt has become unjustly enriched by his embezzlement, larceny, or conversion of the goods of another, the owner may, if he chooses to do so, waive any action of tort that he might have against the bankrupt for such acts, and prove a claim against the bankrupt's estate for the value of the goods, because the law implies a contractual obligation by the bankrupt to pay the owner therefor. Crawford v. Burke, 195 U. S. 176, 194, 25 Sup. Ct. 9, 49 L. Ed. 147; Tindle v. Birkett, 205 U. S. 183, 186, 27 Sup. Ct. 493, 51 L. Ed. 762; Clarke v. Rogers, 228 U. S. 534, 543, 33 Sup. Ct. 587, 57 L. Ed. 953; Schall v. Camors, 251 U. S. 239, 251, 40 Sup. Ct. 135, 64 L. Ed. 247; Clarke v. Rogers, 183 Fed. 518, 521, 106 C. C. A. 64; Reynolds v. New York Trust Co., 188 Fed. 611, 615, 110 C. C. A. 409, 39 L. R. A. (N. S.) 391; Phelps v. Church of Our Lady Help of Christians, 99 Fed. 683, 684, 40 C. C. A. 72.

But it is also established that a claim for unliquidated damages is not a provable debt, when it arises out of a pure tort, and when there is no breach of an express contract, nor such enrichment of the wrongdoer as may form a basis for an implied contract. Schall v. Camors, supra, 251 U. S. 239, 248, 251, 254, 40 Sup. Ct. 135, 64 L. Ed. 247.

In the case now under review the record shows that the appellant filed a claim of some kind for allowance against the bankrupt's estate, and the referee and the District Court each decided that the claim was for an action in tort. On this record we must accept this conclusion. The Bankruptcy Act provides for the allowance of a claim only in case the debt is "founded upon an open account, or upon a contract, express or implied." The owner of goods which have been taken from his possession in larceny or conversion has an election between inconsistent remedies. He may assert title in himself, disaffirm the act of the wrongdoer and sue in tort for the conversion, or he may affirm the passing of title to the wrongdoer, treat the transaction as a sale, and sue him upon the implied contract to make compensation for the value of the goods. In the former case he denies the existence of any contract, but in the latter case his suit expresses his acceptance of an implied promise of the wrongdoer to pay him for his goods. Robb v. Vos, 155 U. S. 13, 41, 43, 15 Sup. Ct. 4, 39 L. Ed. 52; In re Jacob Berry & Co., 174 Fed. 409, 410, 98 C. C. A. 360; In re Hirschman (D. C.) 104 Fed. 69, 71; In re United Button Co. (D. C.) 140 Fed. 495, 500; Terry v. Munger, 121 N. Y. 161, 166, 24 N. E. 272, 8 L. R. A. 216 18 Am. St. Rep. 803; Carroll v. Fethers, 102 Wis. 436, 443, 78 N. W. 604; Nield v. Burton, 49 Mich. 53, 54, 12 N. W. 906; Pom. Rem. & Rem. Rights, §§ 568, 569; 7 Encycl. Pl. & Pr. 370.

When the appellant alleged a claim in tort, he necessarily denied a contractual relationship between himself and the bankrupt, and the claim was therefore not provable against the bankrupt's estate. This conclusion is strengthened by the fact that the appellant as a claimant under a contract would be allowed the reasonable value of his goods, while as a claimant in tort he might demand and recover an additional amount as exemplary damages, if the tortious act was wanton, malicious, or oppressive, and the allowance of such enhanced damages would not tend to that equal distribution of the bankrupt's estate among his creditors which it is the policy of the Bankruptcy Act to attain.

The result we have reached makes it unnecessary to discuss other questions which are presented in the briefs.

The judgment of the District Court will be affirmed.