ROSE MULLIGAN, Appellant, *v.* MARY ANN AMO (Formerly MARY ANN MCQUAID) and Others, Respondents, Impleaded with MARY PARRY (Formerly MARY HALL) and Others, Defendants.

Fourth Department, January 7, 1925.

**Trusts — constructive trusts — election of remedies — beneficiary cannot follow trust property after suing trustee — trust property was acquired by third persons without knowledge of trust.**

The beneficiary of a constructive trust may elect either to pursue the trust property, which has been transferred by the trustee, into the hands of the purchaser with knowledge, or to sue the trustee, but having secured judgment against the trustee, the beneficiary cannot thereafter pursue the trust property into the hands of the purchaser notwithstanding the beneficiary is unable to realize on the judgment.

Furthermore, in this case the evidence establishes that the purchasers of the trust property from the trustee were without knowledge of the existence of any trust.

APPEAL by the plaintiff, Rose Mulligan, from a judgment of the Supreme Court in favor of the defendants Hester Hoff and others, entered in the office of the clerk of the county of Erie on the 23d day of June, 1924, upon the decision of the court rendered after a trial at the Erie Special Term, dismissing the complaint upon the merits.

*Kellogg & Weil* [*Dorsey W. Kellogg* of counsel], for the appellant.

*Templeton, Turnbull & Templeton* [*Foster B. Turnbull* of counsel], for the respondents Albano and another.

*William R. Daniels,* for the respondents Hester Hoff and another.

PER CURIAM:

As this court held in *Mulligan* v. *McQuaid* (206 App. Div. 653), at the time when Mary Ann McQuaid had title to the premises,

she held it as trustee for Rose Mulligan to the extent of the
amount unpaid to Rose Mulligan on the Parry mortgage.   When
Mary Ann McQuaid mortgaged the property for $3,500, and
then conveyed the equity to the Campbells, she breached that
trust.

At that time Rose Mulligan had the choice of two remedies.
She could follow the trust *res* into the hands of the mortgagees
and purchasers, provided they took with notice of the trust, or
she could follow the substitute for the trust *res*, which was the
money received by Mary Ann McQuaid as the product of the
mortgage and sale.

Having that choice, she elected the latter.   She brought an
action against Mary Ann McQuaid, the trustee, alone.   She charged
the existence of the trust, the transfer of the trust *res*, the receipt
by the trustee of the product thereof, asked for an accounting
and for judgment against the defendant on the basis of the account-
ing.   That is precisely what she got under the decision of this
court, which held that Mary Ann McQuaid took the property
charged with a trust in favor of the plaintiff; that she was bound
to account out of the moneys received by her for the sum shown
by the evidence to have been due said Rose Mulligan, with interest
thereon; and directed a judgment accordingly.   The action was
not concerned with the trust *res*, to wit, the real property itself;
and hence no *lis pendens* was filed.   Neither was this court in its
decision concerned with the real property.   Plaintiff, having
elected to pursue that course, in effect ratified the transfer.   Her
judgment, whether it is collectible or not, represents the proceeds.
She is in no position, after having failed to realize anything on her
execution, to start anew and pursue the alternative remedy which
she had originally rejected.   (Bogert on Trusts, 508, 509, and cases
cited; 39 Cyc. 535; *Terry* v. *Munger*, 121 N. Y. 161; *Davenport* v.
*Walker*, 132 App. Div. 96, 99.)

But if we pass that point, and assume that the plaintiff was
not by her election prevented from bringing this action, we have
to deal merely with an attempt to follow the trust *res* into the
hands of purchasers.   It takes on no additional feature by reason
of the judgment in the other action.   It has the same attributes,
and only those, which it would have had if the other action had
not been brought.   We have, then, merely to determine whether
the grantees and mortgagees, subsequent to McQuaid, knew of
the existence of the trust, or knew of facts sufficient to put
them on inquiry and charge them constructively.   Without dis-
cussing the evidence at length, it is sufficient to say that it has been
considered carefully, and we agree with the court below that the

defendants Albano, Hoff and Hussey were purchasers in good faith without notice of the existence of any trust.

Present — HUBBS, P. J., CLARK, DAVIS, SEARS and CROUCH, JJ. All concur.

Judgment affirmed, with one bill of costs to the defendants Albano, and with one bill of costs to the defendants Hoff and Hussey.