## ASHBROOK v. HAMMER.

### No. 4704.

Court of Civil Appeals of Texas. Amarillo.
Feb. 14, 1937.

Rehearing Denied June 21, 1937.

Monning & Akin, of Amarillo, for plaintiff in error.

James C. Gilliland and Carl Gilliland, both of Hereford, for defendant in error.

HALL, Chief Justice.

On November 12, 1925, J. O. Newell and D. F. Ashbrook executed their certain promissory note, payable to Ona Hammer, in the principal sum of $3,700, payable annually, and containing the usual 10 per cent, attorney's fee clause, and this suit was filed on January 9, 1935, by Ona Hammer to recover upon said note, and on the following day an amended petition was filed, making Peter Austin defendant, together with Lizzie B. Ashbrook, alleging that the latter, on January 1, 1930, had converted certain personal property alleged to belong to the estate of D. F. Ashbrook, deceased, upon which plaintiff claimed a statutory creditor's lien. It appears that Newell was insolvent and had been discharged in a bankruptcy proceeding. The petition alleges that there had been paid the sum of $888 interests at various times, and also $3,000 on the principal. It appears that D. F. Ashbrook owned considerable property, and died, testate, on January 11, 1929, making his brother, W. M. Ashbrook, sole devisee and legatee; that thereafter, on April 21, 1929, W. M. Ashbrook died, after having qualified as independent executor and sole devisee of the estate of D. F. Ashbrook.

This suit was brought by Ona Hammer against Mrs. Lizzie Ashbrook and Peter Austin to set aside a deed of trust given by Mrs. Ashbrook on August 17, 1933, covering 640 acres of land and two lots in Hereford, Tex., to secure the payment of a $12,000 note given to Peter Austin by Mrs. Ashbrook for the purpose as alleged of hindering, delaying, and defrauding the creditors of D. F. Ashbrook, deceased, and especially plaintiff. Plaintiff caused an attachment to be levied upon the land involved in the suit, together with certain personal property, alleging that at the time of the conversion Mrs. Ashbrook lived in Deaf Smith county, Tex., but on or about February 1, 1930, she removed from the state of Texas and had remained absent from the state to the present time. Plaintiff prayed for judgment against Mrs. Ashbrook for her debt, with 6 per cent. interest from January 1, 1930, and costs of suit, and against both defendants for foreclosure of the attachment lien upon the land as being superior to defendant's interest therein.

Mrs. Ashbrook and Peter Austin filed a joint answer, consisting of a general demurrer, special exception, insisting that the debt and lien held by plaintiff were barred by the statute of limitation of four years. They also pleaded a general denial, plea of not guilty, special pleas of four and two years' statute of limitation, a plea of laches, plaintiff having taken no steps to enforce her claim for a period of approximately six years, from January 11, 1929, to the filing of this suit on January 9, 1935, although there was ample property belonging to the estate of D. F. Ashbrook, deceased, left in Deaf Smith county out of which plaintiff could have enforced her claim; that said $12,000 note and the deed of trust in favor of Peter Austin were just and outstanding obligations taken by Austin without any notice of plaintiff's claim, and are superior thereto.

The court overruled defendant's general demurrer and special exception and the case was tried to the court upon the merits without a jury, resulting in a judgment that Lizzie B. Ashbrook was guilty

of conversion of household furniture of the value of $1,050, and also an adding machine and typewriter of the value of $75, belonging to the estate of D. F. Ashbrook, deceased, and rendered judgment on August 30, 1935, in favor of plaintiff against Mrs. Ashbrook individually for the sum of $1,463.73, with 6 per cent. interest and costs. Also foreclosing plaintiff's attachment lien on certain real estate and personal property, and further decreeing that plaintiff take nothing by reason of her suit against Peter Austin.

Mrs. Ashbrook has appealed.

This case seems to have been tried and briefed and a judgment rendered upon the mistaken theory that it was a case of trover and conversion because Ona Hammer never owned any of the property taken in attachment, nor was she ever in possession thereof, or entitled to possession. Conversion has been defined to be the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time, and may be effected by taking actual corporal possession and control over the property of another so as to prevent the owner from the exercise of such rights. We quote from 65 C.J. 11: "Conversion is 'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.' The legal wrong denominated 'conversion' is any unauthorized act of dominion or ownership exercised by one person over personal property belonging to another in denial of, or inconsistent with, his right."

Conversion cannot spring from the exercise of a legal right. It is concerned with possession and not with title. The record does not show, nor is it contended except inferentially, that Ona Hammer was either the owner of or entitled to the possession of the personal property which Mrs. Ashbrook sold and which the plaintiff claims had been the exempt property of D. F. Ashbrook.

However, we think the petition is sufficient to support a judgment in rem against her as trustee, and the estate. Simkins on Administration (Holt) 195, § 143.

The case, as reflected by the record, is one where a contract creditor with a statutory lien is endeavoring to collect a debt against the estate of a deceased person, whose property had passed to the decedent's brother by decedent's will and by the brother's will to the present holder. There could not possibly be a technical conversion under such circumstances. As to the creditors of the estate of D. F. Ashbrook, she is trustee by implication and is independent executrix as to the other property.

According to the stipulation of counsel appearing in the statement of facts, D. F. Ashbrook, a widower who had taken his deceased wife's property under her will, died on January 11, 1929, leaving a written will in which he directed, after the payment of debts and funeral expenses, that the balance of his estate be given to his brother, W. M. Ashbrook in which the devisee and legatee, W. M. Ashbrook, was appointed independent executor. The will itself is not a part of the statement of facts, and seems not to have been introduced in evidence, but its effect is to vest title in W. M. Ashbrook, subject to the debts existing at the time of his death against the decedent. R.S. art. 3314, provides that when a person leaves a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees subject, however, to the payment of the debts of the testator, except such as may be exempted by law.

It further appears from the stipulation of counsel that on January 31, 1929, W. M. Ashbrook applied to be appointed executor of the estate of his deceased brother; that the will was probated on April 4th thereafter, appraisers were appointed, and on said date W. M. Ashbrook qualified as independent executor, without bond. Thereafter, on April 21, 1929, W. M. Ashbrook died and left a written will, directing that all of his debts be paid, if possible, out of his personal estate. He bequeathed to his son, Leland, $50 and to his son, Roy, the same amount, said legacies to be paid within a year after his death. The remainder of his estate he gave to his wife, Lizzie Ashbrook, appellant herein, and appointed her independent executrix of his will, without bond, expressly empowering her to have and to hold the property and do with it as

she saw fit, to sell, convey, or retain the same, at her option. This will was probated in Grundy county, Mo., where W. M. Ashbrook and appellant had resided, and a certified copy thereof, together with copies of the probate proceedings, were filed in the probate court of Deaf Smith county on May 20, 1929. The result of the facts stated is to vest the title to the real and personal property of D. F. Ashbrook in Mrs. Ashbrook, subject to the debts against him, to the extent of the value of his property, which she acquired under the two wills. There being a will, there was no necessity for an administration. 13 Tex.Jur. 592.

The rule is that it is never necessary for a creditor to present his claim to an independent executor within a year after the death of the testator. Simkin, Administration of Estates, 191, § 142; Smyth v. Caswell, 65 Tex. 379; Black v. Rockmore, 50 Tex. 88; Fischer v. Britton, 125 Tex. 505, 83 S.W.(2d) 305. It is further the rule that a testator's debts are a lien upon all of his property, whether it passes to his heirs, or an administrator, or an independent executor. Morrell v. Hamlett (Tex.Civ.App.) 24 S.W.(2d) 531.

Since the appellant, Mrs. Ashbrook, did not execute the note which forms the basis of this suit, she was not liable thereon, and no judgment could be rendered against her personally as the maker thereof. Moore v. Belt (Tex.Civ. App.) 206 S.W. 225; Adams v. First National Bank (Tex.Civ.App.) 178 S.W. 993. Her liability, if any rests upon other grounds.

Under the record and the rule of law which gave the testator's creditors a lien upon all of his property, she held the property as trustee for the unpaid creditors, and if plaintiff was entitled to any recovery at all, it was against the estate in rem and against her in that capacity, to the extent of the property received by her necessary to pay the debts. Morrell v. Hamlett, supra. According to this case, limitation in favor of Mrs. Ashbrook in her fiduciary capacity would not begin to run until she had repudiated the trust character of holding and appellee had knowledge of such repudiation or of facts which put her upon inquiry. Neblett v. Valentino (Tex.Com.App.) 92 S.W.(2d) 432; Pearce v. Dyess, 45 Tex.Civ.App. 406, 101 S.W. 549; Costley v. Gracy (Tex. Civ.App.) 52 S.W.(2d) 920. It follows, therefore, that the question of limitation under this record is one of fact.

There is some testimony tending to show that other property of the estate of D. F. Ashbrook is situated in Hereford or in the county out of which the appellee could have realized the amount of her debt. The record is not clear as to this, but if there is other property out of which she can realize the amount due her, then equity will require her to resort to such property rather than securing a judgment against Mrs. Ashbrook. It is clear that the case has been tried and decided upon an erroneous theory, and this will require a reversal of the judgment, and that the cause be remanded for another trial in accordance with the principles herein announced. Gibson v. Hicks (Tex.Civ.App.) 47 S.W. (2d) 691; Missouri, K. & T. R. Co. v. Langford (Tex.Civ.App.) 201 S.W. 1087; Keevil v. Ponsford (Tex.Civ.App.) 173 S.W. 518; City National Bank v. Eastland County (Tex.Civ.App.) 12 S.W.(2d) 662.

Reversed and remanded.