CARROLL, Appellant, vs. FETHERS and others, Respondents.

*March 22 — April 12, 1892.*

*Conversion: Necessary parties.*

In an action for the wrongful conversion of money paid to defendants for plaintiff's use and by them paid to one S., who claimed a lien thereon for professional services rendered to the plaintiff, a complete determination of the controversy can be had without the presence of S. as a party, and the court has no authority, under sec. 2610, S. & B. Ann. Stats., to require him to be made a party.

APPEAL from the Circuit Court for *Rock* County.

The complaint charges that on or about April 9, 1889, the plaintiff was the owner of $7,000 in money, and entitled to the immediate possession thereof, and that the defendants, who were partners and attorneys at law, being in possession of said money, unlawfully and wrongfully converted and disposed of the same to their own use. Demand of said money of defendants, and their refusal to pay $5,550 thereof to plaintiff, is also alleged, and judgment is demanded for the latter sum, together with interest and costs.

Besides a general denial, the answer is, substantially, that in two actions in the circuit court, brought by plaintiff against one Little and others, A. Hyatt Smith was attorney for plaintiff, and defendants were retained by plaintiff as counsel therein; that plaintiff prevailed in the actions, and on April 9, 1889, Little paid to defendants, by direction of Smith as such attorney, $6,978.53 on the judgments, for the use and subject to the order of Smith; that they paid plaintiff, by direction of Smith, $1,436.18, also certain disbursements in the actions to the amount of $42.35, and retained, by consent of plaintiff, as their fees and charges for services in the actions, $1,500; that they delivered the balance of the money so paid them by Little,

being $4,000, to Smith; and that said $4,000 was so paid to Smith at the request and under the direction both of Smith and plaintiff.    The answer further alleges that Smith had a lien on said money for his services in said actions, the existence and amount of which cannot be determined unless he be made a party to this action, and that it is necessary to determine the same herein, and prays that he may be made a party to the action.

The answer was accompanied by a verified petition of Smith, setting forth substantially the same facts alleged in the answer, and in addition thereto that plaintiff is indebted to him for services as attorney in the above-mentioned actions to an amount exceeding $4,000, for which he claims a lien on the money thus received by defendants from Little, and praying that he (Smith) may be made a party to the action..

The circuit court granted such prayer of defendants and Smith, and made an order requiring plaintiff to make Smith a defendant in the action, and prescribing the procedure in that behalf.    The plaintiff appeals from such order.

For the appellant there was a brief by *Joseph B. Doe* and *John Winans,* and oral argument by *Mr. Doe.*

For the respondents there was a brief by *Fethers, Jeffris & Fifield,* and oral argument by *M. G. Jeffris.*

LYON, C. J.  The order compelling plaintiff to make Smith a party defendant to the action cannot be upheld unless it is authorized or required by sec. 2610, R. S., as amended by ch. 41, Laws of 1883 (S. & B. Ann. Stats. sec. 2610).  The material portions of the section are as follows: " The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, or any persons not parties to the

action have such interests in the subject matter of the controversy as require them to be made parties for their due protection, the court shall order them to be brought in; and when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be brought in by the proper amendment."

It will be observed that the statute requires the court to order other parties brought in (1) when a complete determination of the controversy cannot be had without their presence; and (2) when persons not parties have such interests in the subject matter of the controversy as require them to be made parties for their due protection. These provisions are imperative. The section also confers power upon the court, in actions to recover real or personal property, to grant the application of a person not a party to the action, but who has an interest in the subject thereof, to be made a party. This case is not within the latter provision, because it is not an action to recover real or personal property, but to recover damages for the unlawful conversion of personal property. Neither is it within the second provision above mentioned, because it is not necessary to the protection of Smith that he be made a party. Should plaintiff sue him for the $4,000 which the defendants paid him, or should the defendants sue him to recover it back, his defense to either such action would not be affected in the least degree by the judgment herein. Hence, if Smith is a proper party, it is because a complete determination of the controversy cannot be had without his presence as such.

It is not claimed that Smith is a necessary party to the action for the purpose of trying the issue made by the averment in the answer that the defendants paid over to him the $4,000 at the request and by the direction of the

Carroll vs. Fethers and others.

plaintiff. Clearly, Smith is not a necessary party in the trial of that issue, for such averment may be proved without his presence as such party, and, when proved, is a perfect defense to so much of plaintiff's claim in this action.

Should defendants fail to prove such request and direction by plaintiff, undoubtedly they may show, under their general denial, that Smith was entitled to the $4,000, or some portion of it, because he had a valid lien upon it for professional services in the action against Little and others, or for any other reason. The existence of such lien, when the money was paid over to Smith, being established, it is a defense to the action to the extent of the lien. The question is therefore whether, under the circumstances of the case, Smith is a necessary party to the action in the trial of the issue as to the existence, at that time, of such alleged lien.

If the $4,000 was paid over to Smith wrongfully, the plaintiff might have joined him in this action. But he elected not to do so. A wrongful conversion by more than one person is a several as well as a joint wrong, and the injured party may sue one or more of the wrongdoers without suing them all. There is no authorized practice and no rule of law under which he can be compelled to make all of the wrongdoers parties to the action, unless he chooses to do so. If Smith is a necessary party to the action, it is because, when the $4,000 was paid to him by defendants, he had or claimed a lien thereon. It must be conceded that, had defendants retained the money in their own hands, upon making it appear to the court that Smith claimed a lien upon it they would be entitled to have him made a party to the action, so that he might litigate with plaintiff his right thereto. This is an application of the familiar rule that if a party is sued for money or property in his hands, and there are several claimants thereof, he is entitled to have all such claimants brought in as parties, to

the end that they may interplead and the court may determine conclusively to which of them the same belongs. This is for the protection of the holder of the property or money, and is essential to a complete determination of the controversy. The case of *Brickley v. Walker*, 68 Wis. 563, cited in support of the order bringing in Smith as a party, belongs to this class. In that case the lumber in controversy remained in the hands of the sheriff (who was a defendant in the action) at the time of the trial and afterwards, and it was claimed that the manufacturers of the lumber had a lien upon it for sawing it. No question of parties was in the case, but in the opinion written by Mr. Justice CASSODAY it is said, by way of argument, that the lien claimants might properly have been made parties to determine the validity of their alleged lien. This is correct, no doubt. There are several cases in this court bearing upon the subject, but it will be found, upon examination, that in all of them in which lien claimants have been brought in as parties, the property or fund in controversy was in existence at the time the orders were made making them parties.

We have no such case here. The defendants did not retain the money in controversy and apply to the court to bring in Smith as a party to interplead with plaintiff and settle their respective rights thereto. Neither did the defendants bring the money into court, in which case the court would have discharged them from liability and substituted Smith as the defendant in their stead, as might have been done under sec. 2610, S. & B. Ann. Stats. But they adjudicated for themselves that the lien claimed by Smith was valid to the amount of $4,000, and paid over that amount to him. They thus destroyed the specific fund in question, and when the order appealed from was made there was no such fund and, of course, no existing lien thereon. The defendants, having thus taken the matter into their own hands, and having voluntarily paid the

money in question to the lien claimant without resorting to the remedies given by the statute to compel him first to establish his right thereto, have precluded themselves from a resort to those remedies, and must defend their conduct in the matter as best they may.

These observations are made upon the hypothesis that the defendants fail to prove they paid the money to Smith at the request or by direction of plaintiff. On such hypothesis the defendants have voluntarily placed themselves in the same position in which any other defendant in an action for a wrongful conversion of property will find himself if he has sold or given away such property, or voluntarily turned it over to alleged creditors of the plaintiff. In no such case would the court entertain for a moment the proposition that the persons to whom the property was thus transferred were necessary parties to an action to recover damages for the wrongful conversion thereof. We find no different rule laid down in any adjudged case, or in any legal treatise on the subject.

But the defendants say that in this action they may fail to establish Smith's lien for more than $3,000, and thus be compelled to pay plaintiff $1,000, and then when they sue Smith for the $1,000 he may be able to establish his lien at $4,000. Thus they would be out of pocket $1,000 unless Smith is brought in as a party and thus bound by the adjudication in this action. There are two sufficient answers to this argument. One is, the defendants should have thought of that contingency before they passed upon the validity of Smith's lien and paid the $4,000 over to him, and should have paid the money into court, or retained it in their own hands and taken the statutory measures to have the validity of the alleged lien judicially determined. The other answer is that they could have bound Smith by the judgment in this action by tendering the defense thereof to him. *Saveland v. Green*, 36 Wis. 612.

*By the Court.*— The order appealed from is reversed.