Carroll vs. Fethers and others.

CARROLL, Appellant, vs. FETHERS and others, Respondents.

*February 24 — March 14, 1899.*

*Pleading: Amendment during trial: Discretion: Evidence: Election between remedies: Waiver of tort.*

1. In a tort action for the conversion of money it is *held* not to have been an abuse of discretion to allow defendants to amend their answer during the trial so as to allege that in a former action (which

Carroll vs. Fethers and others.

had been dismissed because plaintiff declined to bring in another defendant) plaintiff had sought, with full knowledge of the facts, to recover the identical sum of money upon an implied contract as for money had and received, and had thereby waived the tort,— it appearing, among other things, that plaintiff had greatly delayed the prosecution of the tort action, that an order dismissing it for want of prosecution had been set aside as a matter of favor to him, and that the amendment could not operate as a surprise.

2. In an action for the wrongful conversion of money, under an answer denying such conversion, the record of a former action brought by plaintiff to recover the same money upon an implied contract as for money had and received was admissible to show that the conversion had been waived.

3. One who, with full knowledge of the facts, sues to recover money upon an implied contract as for money had and received thereby waives all right to bring a subsequent action on the theory that the money was wrongfully converted.

APPEAL from a judgment of the circuit court for Walworth county: FRANK M. FISH, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Joseph B. Doe,* attorney, and *Charles W. Felker,* of counsel, and oral argument by *Mr. Felker.* They argued, *inter alia,* that the amendment is a plea in abatement, and was not pleaded in its proper order, and could not be joined with a plea in bar. *Brown Co. v. Van Stralen,* 45 Wis. 675, 677; 1 Chitty, Pl. (11th Am. ed.), 446; *Johnson v. Wilson,* 1 Pin. 65; *Reif v. Paige,* 55 Wis. 496, 502; *Hooker v. Greene,* 50 Wis. 271, 276; *St. Clara F. Academy v. N. W. Nat. Ins. Co.* 101 Wis. 464; *Vincent v. Starks,* 45 Wis. 458, 460; *Dutcher v. Dutcher,* 39 Wis. 651, 660. To permit it to be set up after plaintiff had rested at the trial was an abuse of discretion. *Fogarty v. Horrigan,* 28 Wis. 142; *Sweet v. Mitchell,* 19 Wis. 524; *Dole v. Northrup,* 19 Wis. 249; *O'Connor v. C. & N. W. R. Co.* 92 Wis. 612; *Morgan v. Bishop,* 61 Wis. 407; *Smith v Dragert,* 61 Wis. 222.

*Charles Quarles,* of counsel, for the respondents.

CASSODAY, C. J. This action was commenced March 24, 1891, to recover $5,550, alleged to have been money belonging to the plaintiff, and paid to the firm composed of the defendants, April 9, 1889, and by them "unlawfully and wrongfully converted and disposed of . . . to their own use." Judgment was demanded for that amount as damages, with interest thereon from April 9, 1889.

The case turns upon the question whether the fact that this plaintiff, in a former action against these defendants for the same money, waived the tort and sought to recover the money upon an implied contract, is a bar to this action. The facts in regard to the two actions are evidenced by documents in the record, and are to the effect that for some years prior to April 9, 1889, there was an important litigation between *Carroll*, the plaintiff in this action, and one Little, and which came to this court, and is reported in 73 Wis. 52. A. Hyatt Smith was the attorney of record for *Carroll* in that action. The firm of the defendants were of counsel for *Carroll*. As a result of that litigation, Little, the defendant party, paid to the firm of the defendants, as such counsel, April 9, 1889, about $7,000. The defendants took and retained out of that sum the amount of their disbursements and their charges, which are conceded to have been reasonable, and paid the balance to A. Hyatt Smith, who was *Carroll's* attorney of record. On September 29, 1890, the plaintiff commenced an action against the defendants for the recovery of $5,550 of the money so received by them April 9, 1889, and interest thereon from that date, and alleged in his complaint that on that day he demanded payment thereof from them, which payment they refused to make. The defendants answered that complaint to the effect the facts stated, and that, after taking from the moneys so received their charges and disbursements, and moneys paid to or on behalf of *Carroll*, they paid the balance of the

money so received by them to A. Hyatt Smith, as the attorney of record of *Carroll*, and alleged that Smith was a necessary party to the action, and prayed that he be made such party defendant.    On December 15, 1890, the court ordered that the summons and complaint be amended by making A. Hyatt Smith a party defendant, and that upon the failure of the plaintiff, *Carroll*, to so amend, the action should stand dismissed.    The plaintiff failed to comply with such order, and so that action was dismissed, and the costs taxed, and judgment therefor entered thereon in favor of the defendants accordingly.

After the plaintiff had paid such judgment for costs, he commenced this action against these defendants, March 24, 1891, for the unlawful and wrongful conversion and disposal of such money, as stated.    On April 9, 1891, the defendants answered similarly to their answer in the former action, and alleged the other facts stated, and that A. Hyatt Smith, the attorney of record in the Little suit, and to whom they paid such money, was a necessary party, and prayed that he be made such party.    On April 16, 1891, the defendants noticed the cause for trial.    On April 18, 1891, the court ordered that A. Hyatt Smith be made a party defendant.    The plaintiff appealed from that order, and the same was reversed April 12, 1892.    Such reversal was claimed in this court on the ground that the controversy was whether the defendant had wrongly converted the money; that "Smith would not be liable for the conversion of his codefendants, nor would they be liable for any wrongful conversion by Smith, as they acted independently of each other."    This court held that Smith was improperly made a party, because the case was not within the statute cited therein, but was an action "to recover damages for the unlawful conversion of personal property" (82 Wis. 69); that a "wrongful conversion by more than one person is a several, as well as a joint, wrong, and the injured party may

Carroll vs. Fethers and others.

sue one or more of the wrongdoers without suing them all" (82 Wis. 70).

At the November term of the circuit court for 1892, the plaintiff obtained a change of venue to Walworth county by reason of the alleged prejudice of the judge. The defendants noticed the cause for trial at the February term, 1893, and the October term, 1893. At that term the cause was tried and the jury disagreed. The defendants noticed the cause for trial at the February term for 1894, when the plaintiff procured a continuance. Upon an order on the plaintiff to show cause why the action should not be dismissed for want of prosecution, the same was dismissed, February 23, 1897, and a judgment was thereupon entered in favor of the defendants, dismissing the action, and for taxable costs. Such judgment, and order on which it was based, were set aside and vacated July 3, 1897. The plaintiff for the first time after November, 1892, noticed the case for trial at the October term for 1897.

The cause was tried for a second time November 1, 1897. Upon that trial the defendants offered in evidence the records in the original action so brought by the plaintiff against these defendants, including the order requiring the plaintiff to make A. Hyatt Smith a party defendant, and the dismissal of that action for failure of the plaintiff to comply with that order. Such records were so offered for the purpose of showing that the plaintiff had elected to waive the tort and sue on an implied contract to recover the same money. The plaintiff objected to the admission of such records upon the ground that such defense was affirmative and had not been pleaded, and the court sustained such objection. Thereupon the defendants asked and obtained leave of the court to amend their answer by alleging the records in such former action so commenced September 29, 1890, and the fact that the plaintiff there sought to recover the identical sum of money, with interest thereon, here sought to

be recovered, upon an implied contract as for money had and received, with full knowledge of the facts, and hence that he had waived any and all claim for a conversion of the money or other wrongdoing. Such records of the former action were thereupon admitted.

At the close of the trial, and by reason of the plaintiff in his complaint in such former action having waived the alleged tort and sued for the same money upon such implied contract, the court directed a verdict in favor of the defendants, and from the judgment entered thereon in favor of the defendants for costs the plaintiff brings this appeal.

The facts recited suggest two questions for consideration:

1. Was it an abuse of discretion to allow the amendment? The case had been pending for more than six years. The original cause of action upon implied contract was barred by the statute. During that time the plaintiff had noticed the cause for trial but once, and that was five years before the last trial. During that time the defendants had noticed the cause for trial at four different terms of the court, and eight months prior to that trial had obtained an order and judgment dismissing the action for want of prosecution. As a matter of favor to the plaintiff, the court, in its discretion, set aside that judgment and order four months before the last trial. The amendment to the answer simply allowed the defendants to prove a record made by the plaintiff himself, and which, from its nature, was conclusive, and hence could not be disproved. The amendment of the answer, therefore, did not, and could not, operate as a surprise to the plaintiff. It was certainly in the furtherance of justice that the plaintiff should abide by the record he had himself made in the controversy over this same money. The purpose of the statutes is that controversies, so far as practicable, should be determined upon the merits; and hence the trial court was required, in every stage of the action, to disregard any error or defect in the pleadings or proceedings which did

not affect the substantial rights of the·plaintiff. R. S. 1878, sec. 2829. A supposed advantage, by reason of a technical defect in the answer, whereby such records, made by the plaintiff himself, might have been kept out of the case, cannot be regarded as a substantial right of the plaintiff. The case is clearly distinguishable from the one recently decided by this court, relied upon by counsel for the plaintiff. *St. Clara F. Academy v. N. W. Nat. Ins. Co.* 101 Wis. 464. We are constrained to hold that the allowance of the amendment, under the circumstances stated, was not an abuse of discretion.

2. We reach this conclusion the more readily because, in our judgment, such record evidence was admissible without such amendment. The original answer denied the alleged unlawful and wrongful conversion and disposition of the money, and alleged that the defendants lawfully delivered the same to the plaintiff's attorney of record. The records so admitted conclusively proved that the plaintiff had waived such unlawful and wrongful conversion, and hence that the cause of action alleged no longer had any existence. This court has held that an unauthorized contract for the sale and conveyance of land, which, with full knowledge of the facts, had been ratified by the owners, barred them from maintaining an action of trespass for cutting timber upon the land. *Warren v. Landry,* 74 Wis. 144. In that case it was claimed that proof of such ratification was improperly made, because it was not pleaded in Landry's answer; but it was held that the proof was properly admitted under the answer of the other defendants, and it was said in the opinion of the court that, "besides, we are inclined to think it was admissible upon that answer, since it tended to prove that the trespass alleged had in fact been waived by the plaintiffs." Id. 152. That suggestion is fully supported by a decision in New York, in which it is held that "where the owner of goods wrongfully taken has waived the tort and

Carroll vs. Fethers and others.

recovered in an action *ex contractu* against some of the tort feasors, he is estopped by his election from maintaining trover and conversion against the others. The record of such former recovery may in an action for conversion be given in evidence under a general denial." *Terry v. Munger*, 49 Hun, 560; *S. C.* 121 N. Y. 161. In this last report of the case, it was held, in effect, that, where the owner thus elects to treat the transaction as a sale, the title to the property passes to the wrongdoer; that proof of the commencement of the former action, with full knowledge of all the facts, is just as conclusive upon the question of election as a judgment would be. When it becomes necessary to elect between inconsistent rights and remedies, the election, when made, is final, and cannot be reconsidered, even where no injury has been done by the choice or would result from setting it aside. See, also, *Fowler v. Bowery S. Bank*, 113 N. Y. 450; *Conrow v. Little*, 115 N. Y. 387, 393. In this last case it was held that, "where a party takes legal steps to enforce a contract, this is a conclusive election not to rescind on account of anything then known to him." So, it has been held in Michigan that "waiving the tort of a conversion, and suing in *assumpsit*, amounts to an election to regard the defendant as owner of the property converted, and estops the plaintiff from bringing trover against the defendant's vendee." *Nield v. Burton*, 49 Mich. 53. This court has held that " an action *ex contractu* to recover money paid by a bank to defendant, and alleged to have been had and received by him to the use of plaintiff, is an election to ratify and affirm the payment, and precludes a subsequent action to recover the money from the bank, on the ground that such payment was unauthorized." *Crook v. First Nat. Bank*, 83 Wis. 32; *Hildebrand v. Tarbell*, 97 Wis. 446. That case was distinguished, but the principle here applicable was sanctioned, in *Bank of Lodi v. Washburn E. L. & P. Co.* 98 Wis. 549. See, also, *Huganir v. Cotter, ante*, p. 323.

In the first action the plaintiff refused to comply with the order making A. Hyatt Smith a party defendant, and so submitted to the dismissal of that action, and then commenced this action for the unlawful and wrongful conversion of the money, for the manifest purpose of preventing Smith from being made a party to this action, and thus to avoid a controversy with him as to whether the money was properly paid over to him by the defendants or not. To that extent the plaintiff was successful. *Carroll v. Fethers*, 82 Wis. 67. But the plaintiff cannot escape the effect of his election to waive the tort and sue upon implied contract in the first action. That that was an action upon implied contract there can be no question. *Rawson Mfg. Co. v. Richards*, 69 Wis. 643; *Casgrain v. Hamilton*, 92 Wis. 179. That this is an action sounding in tort has been expressly determined. *Carroll v. Fethers, supra*. Such determination is *res adjudicata*.

*By the Court.*— The judgment of the circuit court is affirmed.