## BANKERS' NAT. BANK v. SECURITY TRUST CO.

Under Rev. Code Civ. Proc. § 95, providing that when a complete determination of a controversy cannot be had without the presence of other parties the court must cause them to be brought in, the maker of a note who is sued by an indorsee, and defends on the ground that the note was without consideration, and that the transfer to plaintiff was merely colorable and without consideration, cannot compel the bringing in of the payee to answer a counterclaim and cross-complaint seeking an accounting and other equitable affirmative relief.

(Opinion filed May 31, 1905.)

Appeal from circuit court, Minnehaha county; Hon. JOSEPH W. JONES, Judge.

Action by the Bankers' National Bank against the Security Trust Company. From an order denying a motion to make Marcus P. Beebe a party, defendant appeals. Affirmed.

*Bailey & Voorhees*, for appellant.

*Hosmer H. Keith* and *C. H. Barron*, for respondent.

FULLER, J. As a complete defense to this action on a promissory note by an alleged indorsee for value before maturity, it is stated in the answer that Marcus P. Beebe, to whom such note was executed and delivered without consideration, still owns the same, "and that the transfer, if any, of said

note to plaintiff, was colorable, merely, and without considera-
tion. " By way of counterclaim and cross-complaint against
Marcus P. Beebe, who is not a party to the action, the facts
and circumstances of extensive and complicated land trans-
actions between him and the defendant are averred. and an ac-
counting between such parties, together with other equitable
and affirmative relief, is prayed for.  By an order denying a
motion to make Mr. Beebe a codefendant, and require him to
answer the cross complaint, the trial court prevented the con-
version of an action at law into one in equity, and from such
order the defendant has appealed.

Section 95 of the Revised Code of Civil Procedure pro-
vides that "when a complete determination of a controversy
cannot be had without the presence of other parties the court
must cause them to be brought in," and in construing an iden-
tical statutory provision it is said in New York "that it was
never intended to make it incumbent upon a plaintiff in an ac-
tion at law to sue any others than the parties he should
choose." It is further held, in effect, that the expression "a
complete determination of the controversy" relates only to
persons not parties to a suit in equity, whose rights must be
ascertained and settled before the rights of the parties to the
suit can be determined, and a plaintiff demanding judgment
for nothing but money can never be compelled to bring in
other parties defendant, and thereby change the nature of his
action, as well as the character of the testimony required.
Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3.  To the same
effect are the following cases:  Webster v. Bond, 9 Hun. 437;
McMahon, Adm'r, etc. v. Allen, 12 How. Prac. 39; Sawyer v.
Chambers, 11 Abb. Prac. 110. In Cooper v. Bank, 9 Colo. App.

169, 47 Pac. 1041, the court, construing a similar statute in a case like this, say: "In cases of this kind a person necessarily a party defendant must be one whose interests are adverse to the claims of the plaintiff, who can be joined for the purpose of interposing some defense to impeach the note in the hands of plaintiff and prevent a recovery. I can find no authority in the Code for the making of defendants in this way in this kind of a case, and under the circumstances, and without express authority or authority clearly implied, there is no warrant for it; and the court erred in making appellant a defendant, and in overruling the motion of appellant's counsel to dismiss." So, in Heaton v. Lynch, 11 Ind. App. 408, 38 N. E. 224: "A defendant to an action cannot insist that a new party defendant be brought in to settle a controversy purely among the defendants, which does not affect the plaintiff." The refusal to make Marcus P. Beebe a codefendant finds support in Carroll v. Fethers, 82 Wis. 67, 51 N. W. 1128, where it is held, in substance, that a provision like ours, being for the benefit of persons not served, may be waived, and it was held error to grant such a motion as the trial court denied in this action.

Proof of the allegation that the promissory note made the basis of this action was executed without consideration, and is still the property of Mr. Beebe, would constitute a complete defense to the action, and no other parties are essential to a determination of any question at issue.

Upon principle and authority, the order appealed from should be affirmed, and it is so ordered.