# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

ANDERSON, Plaintiff, v. SKINNER, Circuit Court Judge, Defendant.

(168 N. W. 854).

(File No. 4435. Opinion filed Sept. 3, 1918).

1. **Judgments—Circuit Court Mandamus Judgment Under Wife's Claim, for Exempt Property for Husband—Subsequent Satisfied Judgment for Property to Husband, Whether Res Judicata re Mandamus Judgment.**

The circuit court having by judgment in mandamus, required sheriff to set aside and deliver to a wife certain personalty owned by husband and claimed by her as exempt from execution for his debts, sheriff having appealed from said judgment to Supreme Court, resulting in affirmtive with costs to respondent wife; circuit court, after remittitur filed, having entered an order vacating said judgment, and dismissing the action, on sheriff's motion, on ground that, after taking of said appeal, the husband had, in a suit for conversion against sheriff for recovery of value of said exempt property, recovered judgment which had been satisfied; held, that satisfaction of the judgment in the conversion suit was not res judicata as to the judgment so appealed from and affirmed, since, while both judgments involved the same property, the one appealed from, wherein it included costs to respondent, was not satisfied by payment of the other judgment. Held, further, that circuit court was without jurisdiction to cancel said affirmed judgment or to dismiss said action.

2. **Judgments—Judgment for Exempt Husband's Property on Wife's Claim—Subsequent Recovery from Sheriff by Husband, Whether Barring Costs Re Original Judgment.**

Where, under claim by wife of exempt property on behalf of

her defendant husband, judgment in mandamus was rendered requiring sheriff to deliver the property to the wife; said judgment having been affirmed with costs on appeal by sheriff to Supreme Court; **held,** that the contention by husband that a judgment subsequently recovered by him in a suit against sheriff for conversion of said property, related back to time of original seizure of property by sheriff, and that satisfaction of the judgment in conversion in effect cut off rights of both husband and wife to the property from and after time of conversion, was untenable; since the wife was at all times acting within legal rights without fault, and at no time after she commenced said first proceeding had her right to costs been cut off by any act of courts, husband or sheriff; satisfaction of the conversion judgment being only partial satisfaction of the other.

Original application in Supreme Court, for mandamus, by Hannah Anderson, directed against W. N. Skinner, as Judge of the Third Judicial Circuit Court, to vacate an order and judgment dismissing the action of Hannah Anderson against the Sheriff of Hamlin County. Peremptory writ issued as prayed for.

*M. J. Russell,* for Plaintiff.

*Linstrom & Benthin,* for Defendant.

McCOY, J. Application of Hannah Anderson for writ of peremptory mandamus to compel the Hon. W. N. Skinner, as judge of the circuit court of the Third judicial circuit, to cancel and vacate a certain order made by him as such judge on the 26th day of July, 1918.

It appears from the showing made that on the 21st day of September, 1917, the circuit court of Clark county rendered and entered a judgment in a mandamus proceeding ,adjudging and requiring the sheriff of Hamlin county to set aside and deliver to said Hannah Anderson certain personal property owned by her husband and claimed by her to be exempt from execution for the debts of her husband; that appeal from said judgment of the circuit court by said sheriff was taken thereafter to the Supreme Court, wherein the said judgment of the circuit court was affirmed, with costs in favor of the respondent Hannah Anderson; that after the remittitur from the Supreme Court had been sent down and filed in the circuit court of Clark county, the appellant, said sheriff, moved

the circuit court of the Third judicial circuit for a dismissal and vacation of the said judgment, which had been so affirmed by the Supreme Court; and upon the 26th day of July, 1918, the said court, by the Honorable W. N. Skinner, presiding, made and entered an order vacating said judgment and dismissing the said action. It is now contended by Hannah Anderson who was respondent in the appeal from the said judgment to the Supreme Court, that the said Honorable W. N. Skinner, as judge of the circuit court, had no power or authority or jurisdiction to vacate said judgment and dismiss said action; that after the affirmance of said judgment in the Supreme Court the same became final, and there then remained no power in the circuit court to cancel or dismiss the same. It also appears from the record that, after the taking of the appeal to the Supreme Court from the judgment awarding a peremptory mandamus requiring said sheriff to deliver said exempt property to said Hannah Anderson, the husband of said Hannah Anderson instituted an action in conversion against the said sheriff for the recovery of the value of said exempt property, and that in said action the said husband recovered a verdict, and judgment rendered thereon in his favor against said sheriff, and which judgment for the value of said property has been fully paid and satisfied by said sheriff.

[1] It is contended on behalf of defendant that the satisfaction of the judgment in the conversion action in favor of the husband justified the order for the vacation of judgment and dismissal of the cause of action in favor of Hannah Anderson, the wife, for the reason that both actions involved the same subject-matter, namely, the exempt property. We are of the view, however, that this contention is not tenable. The final judgment in favor of Hannah Anderson was for the delivery to her of said exempt property, and which judgment included the costs, both in the circuit and Supreme Courts. That judgment having become final, she was legally entitled to have the same fully satisfied. Not having paid said costs, said judgment in the first action has never been satisfied in full, and Hannah Anderson still has the right to have the same fully satisfied, and under such circumstances the circuit court was powerless

and wholly without authority or jurisdiction to cancel the said judgment or dismiss said action.

[2] The contention is made that Hannah Anderson should not be entitled to costs in the first action, for the reason that the title of her husband to the property in question related back to the time of the original seizure of the property by the sheriff, and that the satisfaction of the judgment in the conversion action had the effect of cutting off the rights of the husband, as well as the rights of Hannah Anderson, in and to said property from and after the time of the conversion, and that, inasmuch as the sheriff has satisfied said conversion judgment, he has become the owner of said property as of the time the sheriff originally seized the same, and that by reason thereof all the rights of Hannah Anderson have been obliterated back to the time of the sheriff's wrongful seizure, which was prior to the beginning of the first action by her. We are of the view, however, that Hannah Anderson was acting at all times strictly within her legal rights, and had never at any time been at fault, and that neither at the time she commenced the first action, nor at any time since, have her rights to costs ever been cut off by any act of the courts, her husband, or the said sheriff, and that, therefore, she at all times has been entitled to full satisfaction of the said judgment in her favor. The satisfaction of the said judgment in the conversion action only had the effect of partial satisfaction of the judgment in favor of Hannah Anderson. The satisfaction of that judgment relieved the sheriff from returning the said property to Hannah Anderson but did not relieve him from paying all the costs of that action to which she was entitled.

Peremptory writ of mandamus may be issued, requiring the defendant to cancel and vacate the said order made and filed in the circuit court on the 26th day of July, 1918.