INDEPENDENT SCHOOL DISTRICT OF CITY OF ABERDEEN, et al, Respondents, v. CITY OF ABERDEEN, Appellant

INDEPENDENT SCHOOL DISTRICT OF CITY OF ABERDEEN, et al, Appellants, v. CITY OF ABERDEEN, et al, Respondents. (Two cases)

(289 N. W. 425.)

(Files Nos. 8200 and 8201. Opinion filed December 26, 1939.)

102

E. B. Harkin and Van Slyke & Agor, all of Aberdeen, for Appellant Independent School Dist. of City of Aberdeen.

Frank W. Noll, of Aberdeen, for Appellant City of Aberdeen.

Van Slyke & Agor, of Aberdeen, for Appellants Fidelity & Deposit Co. of Maryland and United States Fidelity & Guarantee Co.

Dwight Campbell, of Aberdeen, and Faegre, Benson & Krause, of Minneapolis, Minn., for Respondent First Nat. Bank of Aberdeen.

R. F. Williamson, of Aberdeen, and Fletcher, Dorsey, Barker, Colman & Barber, of Minneapolis, Minn., for Respondent, Aberdeen Nat. Bank & Trust Co.

RUDOLPH, J. The Independent School District of the city of Aberdeen brought this action against the First National Bank of Aberdeen, and therein seeks to recover damages for the alleged conversion of certain school district monies. In its complaint the school district alleges that one Marie Brown was the duly qualified and acting treasurer of the plaintiff corporation; that the defendant bank was properly designated as a depositary for school district funds. It then sets forth eight separate causes of action wherein it is alleged that the defendant bank converted school district funds. As typical of the several causes of action, we set forth the third cause of action set out in plaintiff's complaint:

"I.

"Plaintiff incorporates herein by reference all of the allegations contained in paragraphs I to VII, inclusive, of its first cause of action, and makes the same a part hereof.

"II.

"That by reason of the transactions set forth in the above causes of action, and by reason of other transactions, prior to the transactions hereinafter set out, and by reason of the transactions set forth herein, defendant bank had actual knowledge of the fact that the said Marie Brown had wrongfully and unlawfully misapplied and converted to her own use, property and money belonging to plaintiff corporation, or defendant corporation had notice of such facts that it should have known that the said Marie Brown had wrongfully and unlawfully misapplied and converted to her own use property and money belonging to plaintiff corporation.

"III.

"That on or about June 29, 1935, the county treasurer and county auditor of Brown county, South Dakota, made, executed and delivered to Marie Brown, treasurer of plaintiff corporation, a check, in words and figures as follows:

"Office of No. 186
"Treasurer Brown County
 "Aberdeen, S. D., June 29, 1935.

"Pay to the order of Marie Brown, Treas. City Schools $20,000.00

"Treasurer—Brown County—$20000 and 00 cts. Dollars

"Olaf E. Hundstad, County Treasurer
"[Signed] Olaf E. Hundstad.
"[Signed] Hans E. Hoilien.
"Countersigned

"To
"First National Bank & Trust Co.
"78-11 Aberdeen, S. D., 78-11.

"IV.

"That said check was issued in payment of tax monies collected by the said county treasurer for plaintiff corporation and then in the county treasurer's hands and belonging to plaintiff corporation, and said check was worth the face value thereof and was the property of plaintiff corporation, and defendant bank knew that said check was the property of plaintiff corporation.

"V.

"That the board of education of plaintiff corporation never at any time authorized Marie Brown or anyone else to transfer or assign or negotiate said check, and Marie Brown had no power or authority to transfer or assign or negotiate said check, and defendant bank well knew that Marie Brown had no power to transfer, assign or negotiate said check, and knew that she had no power to do anything with said check except collect the same and deposit the proceeds in plaintiff's accounts in plaintiff's depository banks.

"VI.

"That on or about August 27, 1935, the said Marie Brown wrongfully and unlawfully endorsed upon the back of said check the following printed, stamped endorsement:

'City of Aberdeen,
'Marie Brown,
'City Treasurer',

and the said Marie Brown then wrongfully and unlawfully presented said check to defendant bank with said endorsement and no other endorsement thereon and requested said

bank to deposit said check in her account as treasurer of the City of Aberdeen, and defendant bank thereupon wrongfully and unlawfully accepted said check for deposit for the account of Marie Brown, treasurer of the City of Aberdeen, and defendant bank then took said check and marked the same paid and returned the same to the County Treasurer of Brown County, and did not pay said check or the proceeds thereof to this plaintiff or give the plaintiff any credit therefor, and the said Marie Brown and defendant bank thereby deprived plaintiff corporation of said check and thereby converted it either to the use of Marie Brown individually or to her use as treasurer of the City of Aberdeen, to the damage of plaintiff corporation in the sum of Twenty Thousand dollars ($20,000.00), together with interest thereon at six per cent per annum from and after August 27, 1935."

The defendant in answer to this complaint set forth that said Marie Brown was also the treasurer of the city of Aberdeen, and that it was also designated as a depositary for city funds. It admits that in the several instances alleged in the complaint it did deposit the orders of the county treasurer which were payable to the school district to the city account. It then alleges that in each instance "neither said order nor any of the proceeds thereof were ever credited to or paid to or for said Marie Brown or defendant, or either of them, and defendant in receiving and collecting said order acted in good faith, without compensation, and without knowledge or notice of the rights or claims, if any, of plaintiff to said order and its proceeds."

The defendant further alleges as a defense, that the plaintiff school district ratified and approved the credits as they were made and "is estopped to assert that the same were improper or irregular." Further, answering the complaint, and "as an equitable counterclaim, set off, and cross-petition" defendant set forth the following alleged facts: Marie Brown was the acting and qualified treasurer of the plaintiff school district and the city of Aberdeen from the year 1927 until September 8th, 1936; that during all of this time the defendant bank and the Aberdeen National Bank &

Trust Company were depositaries not only for school district funds but also for city funds; that during her term of office as treasurer of the two corporations, Marie Brown had furnished official bonds executed by certain sureties, among others being the United States Fidelity and Guaranty Company, and the Fidelity and Deposit Company of Maryland; that on September 8, 1936, the defendant learned for the first time that Marie Brown had misappropriated certain monies belonging to the city of Aberdeen and to the plaintiff school district, which totaled the sum of $159,056.72; that none of this money misappropriated by the treasurer was money that had been deposited in any of the depositary banks, but consisted of certain cash items that had come into her hands as treasurer, and which were never deposited; that upon its discovery of the loss the school district filed its claim with the two surety companies, above named, and that these surety companies paid the plaintiff school district approximately $22,000. As a part of this payment and settlement, it was agreed by the surety companies and the plaintiff school district that actions would be brought against the defendant bank and the Aberdeen National Bank and Trust Company seeking to recover the loss the school district sustained on account of the defalcations of Marie Brown, and that the surety companies would share in any recovery approximately in the relation that $22,000 bears to $60,000.

It further alleges that the Fidelity and Deposit Company of Maryland paid to the city of Aberdeen the sum of approximately $98,000, and that the city of Aberdeen assigned to this surety all claims which it might have against the defendant bank, and the Aberdeen National Bank & Trust Company, which were occasioned by the actions of the city treasurer.

It is further alleged that the plaintiff school district recovered the sum of $15,000 from the surety on the bond of the county treasurer on account of alleged wrongful acts of the county treasurer in connection with some of the embezzlements of Mrs. Brown. It is then alleged that the officials in the city of Aberdeen and the plaintiff school district dis-

regarded the separate corporate entities of these two corporations and "treated said funds and bank accounts as though they had one account;" that the said Marie Brown indiscriminately deposited school district money in the city account and city money in the school district account with the full knowledge, acquiescence and approval of the officials of the city and school district; that all of the money deposited in the depositary banks by Marie Brown during her term of office went either to the payment of proper, legitimate, and true expense of the school district or the city, and that none of this money was embezzled by Marie Brown or misappropriated by her to her own use; that the plaintiff school district has received and expended large sums of money represented by orders payable to the city which were deposited by Marie Brown in the plaintiff school district's account in the depositary banks; that the plaintiff in its claim against the surety companies has contended that it sustained a loss of approximately $60,000, yet in this action against the defendant it seeks to recover $65,000, and in a similar action against the Aberdeen National Bank & Trust Company, it seeks to recover $87,000, and that the Fidelity and Deposit Company of Maryland as assignee of the claim of the city has instituted an action in the United States District Court against the Aberdeen National Bank & Trust Company wherein it seeks to recover the sum of $72,000, and this company has threatened similar action against the defendant bank; that the instances set forth in the complaint upon which the conversion of funds is alleged constitute only a small number of many similar transactions; that it is admitted that the total defalcations of Marie Brown, as treasurer of both corporations, amount to the sum of $159,056.72; and that in the three actions now brought, the plaintiff and the surety companies seek to recover something over $225,-000, and threaten another similar action against this defendant bank. Defendant then alleges that a proper determination of the respective rights of the plaintiff and defendant requires an accounting between these parties, and also an accounting between the plaintiff and the Aberdeen National Bank & Trust Company, and between the city and the de-

fendant bank and the Aberdeen National Bank & Trust Company, which accounting should cover the period of Marie Brown's incumbency as treasurer of the two corporations. Plaintiff then alleges:

"By reason of the foregoing facts complete justice cannot be obtained in a legal action and defendant has no plain, adequate and complete remedy at law. To avoid a multiplicity of suits, circuity of action and danger of grave injustice and irreparable injury to defendant, it is necessary that defendant be allowed relief in equity and that an accounting be had to ascertain and determine

"(a) A full and complete history and accounting of all acts and transactions of Marie Brown as School District Treasurer and as City Treasurer relating to the funds of said City and of said School District during her terms of office and the nature, extent and amount of her misappropriations and defalcations;

"(b) An accounting of all School District funds deposited in accounts of the City of Aberdeen with this defendant and with Aberdeen National Bank and Trust Company, Dakota National Bank, Citizens Trust and Savings Bank and First State Savings Bank, and an accounting of all City of Aberdeen funds deposited in the accounts of plaintiff School District with this answering defendant and with said Aberdeen National Bank and Trust Company and Dakota National Bank;

"(c) An accounting of all withdrawals from the accounts of said School District in said banks and all withdrawals from the accounts of said City of Aberdeen in said banks and the nature and amount thereof;

"(d) An accounting of all indebtednesses and obligations of the City of Aberdeen paid by means of funds belonging to plaintiff School District and an accounting of all of the indebtedness and obligations of plaintiff School District paid with funds belonging to said City of Aberdeen;

"(e) An accounting of all restorations or repayments of funds of plaintiff School District deposited in the accounts of the City of Aberdeen with said banks and an accounting

of all restorations or repayments of funds of the City of Aberdeen deposited in the accounts of plaintiff School District in said banks;

"(f) The nature and amount of the actual loss and damage sustained by plaintiff School District and by the said City of Aberdeen by reason of the acts and transactions of said Marie Brown during her terms of office as School District Treasurer and as City Treasurer;

"(g) The amount of the present indebtedness, if any, due from the City of Aberdeen to plaintiff School District or due from said plaintiff School District to said City of Aberdeen."

Defendant further alleges that a complete determination of this controversy cannot be had without the presence of the Aberdeen National Bank & Trust Company, the surety companies, and the city of Aberdeen. Based upon this answer the defendant filed a petition seeking a joinder of the parties, which it alleged are necessary to a complete determination of the controversy and further seeking the accounting which it had requested in its answer. After a hearing upon this petition, at which hearing all parties involved appeared, the court granted the request of the defendant and brought into the action the city, the surety companies, and the Aberdeen National Bank & Trust Company, ordered the accounting, required that all claims of any of the parties arising out of the defalcations of Marie Brown be set forth in this action, and enjoined all parties from instituting or proceeding with any other action. The Aberdeen National Bank & Trust Company joined in the request of the defendant bank, but all other parties objected thereto. This appeal is from the order which brings in the additional parties and requires the accounting, and is taken by the school district, the city and the surety companies.

Since this appeal has been taken, there has been filed in this court certified copies of certain records in the court below, which disclose that all matters in dispute between the defendant bank and the plaintiff herein, and between the defendant bank and the city of Aberdeen, have been com-

pletely and finally settled. However, it is insisted by the Aberdeen National Bank & Trust Company, one of the parties brought into this proceeding by the order of the trial court and a respondent upon this appeal, that the trial court's order is an effective order insofar as the rights of the Aberdeen National Bank & Trust Company are concerned.

This bank is now in this court insisting that the accounting ordered by the trial court be had, and that the rights and liabilities of all of the parties which have arisen due to the defalcations of Marie Brown be determined in this single action.

■ At the outset we may concede for the purposes of this opinion that the effect of the filing of the "equitable counterclaim, set-off and cross-petition" by the First National Bank, and the order of the court thereon bringing in the additional parties, enjoining the commencement of any new action, the prosecution of any pending action, and requiring the accounting, invested the Aberdeen National Bank & Trust Company with the same rights as the First National Bank to have the actions tried in the manner ordered by the court, and these rights could not be affected by the settlement made by the First National Bank.

The question, therefore, for our consideration is whether, in view of all the pleaded facts the Aberdeen National Bank & Trust Company is correct in its contentions that, first, the actions at law in conversion against it by the school district and the assignee of the city should be enjoined and these actions proceed as a single equitable action; second, in this equitable action there be determined not only its liability in conversion to the city and school district, but in addition there be determined, (1) any liability existing between the school district and city, (2) any liability to the Aberdeen National Bank & Trust Company by either the school district or the city on a claim of money had and received by virtue of the deposits of school district money in the city account and city money in the school district account, and (3) the rights and liabilities existing between the Aberdeen National Bank & Trust Company and the First National

Bank, and the proportionate share, if any, each should bear of the loss suffered by the school district and the city.

 Two actions in conversion, one by the surety company in Federal Court, and one by the school district in state court, have been started against the Aberdeen National Bank & Trust Company, which will hereinafter be referred to as the bank. Quite obviously these two plaintiffs in these actions at law could not have joined in one action against the bank, had they so desired; nor could the court, had the two actions been started in the same court, consolidate the actions. The only authority of the court relating to the consolidation of actions is contained in former Section 2100, R. C. 1919, now SDC 33.0917, which provides: "When two or more actions are pending at one time between the same parties and in the same Court, upon causes of action which might have been joined, the Court may order the actions to be consolidated."

In these two actions there is not the identity of parties required by the statute, and the actions being based upon separate and independent alleged torts committed by the bank, there is not the kinship of causes required.

 The fact should be kept in mind that the actions against the bank originated as actions in conversion. In these actions there are two issues involved, the determination of which will dispose of the controversy between the parties. These issues are: First, is the bank liable in conversion; second, if the bank is liable in conversion, to what extent has the plaintiff been damaged?

 It is clear, that, so far as concerns the first issue, that is, whether the facts, alleged and proved, impose upon the bank a liability in conversion, no parties other than the plaintiff and defendant are necessary for a determination of this issue. However, it is apparently contended by the bank, that, so far as concerns the second issue, that is, the amount of damage suffered by the school district in the school district action, that the city and the surety company who paid the city's loss should be made parties to this litigation. It is quite possible, in view of the pleaded de-

fenses, that this second issue will never be reached in the litigation. What then would be the rights of these various parties under the court's order? Could the city insist on an accounting between it and the school district? Or, could the bank insist that the city was liable to it for school district money which was deposited in the city account, all in an action which had in its inception the sole purpose of determining the bank's liability in conversion to the school district? While a speculation upon such a contingency is interesting, a decision is unnecessary. We do not believe any parties other than the school district and the bank are any more necessary in this litigation to determine the extent of the school district's damage in the action between it and the bank, than are extra parties necessary to a determination of the question of whether the bank is guilty of a conversion. There is a contention that there was deposited more city money in the school district account than there was deposited school district money in the city account, and that for this reason the school district has not been damaged, and that the city should be a party to this litigation where this fact will be proved. If this fact is established, and it constitutes a defense or goes in mitigation of the damage suffered by the school district, it could be established as easily and with the same effectiveness of purpose in an action where the city is not a party as in an action where the city is represented. The only purpose of the proof of such facts would be to mitigate the damage suffered by the school district, and on this question the city would be an entirely disinterested party. This brings us to another statutory provision in effect at the time the trial court entered its order. We refer to Section 2321 R. C. 1919, which provides: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in."

It is clear, we believe, that "other parties" are not necessary to "a complete determination of the controversy" ex-

isting between the school district and the bank. Such other parties are neither necessary in disproving the alleged conversion or the damage suffered by the school district. Construing this statute, this court quoted with approval, and said in the case of Banker's National Bank v. Security Trust Company, 19 S. D. 418, 103 N. W. 654, 655: " '* * * it was never intended to make it incumbent upon a plaintiff in an action at law to sue any others than the parties he should choose.' It is further held, in effect, that the expression 'a complete determination of the controversy' relates only to persons not parties to a suit in equity, whose rights must be ascertained and settled before the rights of the parties to the suit can be determined, and a plaintiff demanding judgment for nothing but money can never be compelled to bring in other parties defendant, and thereby change the nature of his action, as well as the character of the testimony required."

The bank contends that this decision did not hold the statute restrictive, but "goes no further than to sustain the validity of the exercise of discretion of the trial court." A reading of the cases upon which the decision is based refutes this contention of the bank. However, the bank contends that irrespective of statute, a court of equity possesses inherent power to bring in additional parties. Perhaps this contention is sound, but certainly the power of the court can go no further than to bring in those parties who are essential to a disposition of the case. Even a court of equity cannot subject a person to a law suit in which he has no interest and in which his presence is not necessary for a decision of the controversy at issue.

█ It is argued that, if it becomes necessary to determine the extent of damage caused by the alleged conversion, a more or less complicated accounting between the bank and the plaintiff will be necessary, and that, therefore, the action should be tried not as an action at law, but in equity. If such an accounting does appear to be necessary, this, perhaps, would be grounds upon which a court of equity could assume jurisdiction of the controversy between the parties.

Cf., Mann v. Wilson & Company, Inc., 218 Iowa 395, 253 N. W. 506. But this ground for assuming jurisdiction of the controversy between the parties, does not, in our opinion, give to the court the power to bring in additional parties who are not necessary to a determination of the controversy at hand. It is further suggested that there are many instances, other than those alleged in the complaint of the school district where the bank credited the city account with orders drawn in favor of the school district, and that there should be an accounting of all these transactions in one equitable action, and thus avoid the possibility of future actions being brought by the school district against the bank. As in the case of the accounting, this alleged circumstance might be grounds for equity assuming jurisdiction of the controversy between the bank and the school district, but it would be no grounds upon which to bring in additional parties.

■ It is next contended that to permit the school district and the assignee of the city to proceed with their separate actions might result in the unjust enrichment of the plaintiffs. It is argued that the school district has been damaged only to the extent of $60,000, and that in the actions against the two banks it is seeking to recover something over $150,000. Just what the measure of damages will be in the different actions, appears to us to be a difficult question, but a question not now before us. However, neither the school district nor the assignee of the city is entitled to a judgment larger than its proof of damage will warrant. Should judgments be obtained against different defendants, and each for the full amount of the damage, it would seem clear that a satisfaction of one of these judgments in full would satisfy the other, except possibly as to costs. Anderson v. Skinner, 41 S. D. 1, 168 N. W. 854. It would appear also that this feature of the case, that is, the danger of unjust enrichment of the plaintiff has been largely eliminated by the settlement made by the First National Bank.

While we appreciate that there has been a recent trend toward the consolidation of actions in equity, we fail to find

any justification or authority for the consolidation here ordered. The issues in each of the cases in which the bank is named a defendant are well defined, and to consolidate these cases and in addition bring in a number of other issues would, in our opinion, tend rather to confuse than to clarify.

The order appealed from is reversed.

WARREN, P.J., and ROBERTS, J., concur.

POLLEY, and SMITH, JJ., not sitting.