**HODGINS et al. v. NATIONAL SURETY CORPORATION et al.**

Civil Action No. 519.

District Court, E. D. Wisconsin.

Nov. 19, 1941.

John B. Chase and Joseph Housner, both of Oconto, Wis. (Raymond E. Evrard, of Green Bay, Wis., of counsel), for plaintiffs Lloyd Hodgins and Edward C. Krueger.

Raymond E. Evrard, of Green Bay, Wis., for Banking Commission of Wisconsin.

Miller, Mack & Fairchild, of Milwaukee, Wis. (by J. Gilbert Hardgrove and Steven E. Keane, both of Milwaukee, Wis.), for defendant National Surety Corporation.

Eberlein & Eberlein, of Shawano, Wis., for defendants Mahlon Prokopovitz and James Sorenson.

DUFFY, District Judge.

The matter now before the court is the separate motions of the defendant National

Surety Corporation and of the defendant James Sorenson to dismiss on the ground that the amended complaint fails to state a claim upon which relief can be granted.

For the purpose of these motions, the following facts must be accepted as true. The plaintiffs are respectively the successor trustees of the segregated trust of the Citizens State Bank of Gillett, Wisconsin, the Banking Commission of Wisconsin, and the Clerk of the Circuit Court of Oconto County, Wisconsin. The individual defendants are the former trustees of said trust, and the Surety Corporation defendant is successor to the original surety on the former trustees' bond.

Prior to May 30, 1930, the Citizens State Bank of the village of Gillett was a duly organized State banking institution. On that date the Commissioner of Banking of the State of Wisconsin took charge of the assets of said bank for the purpose of liquidation. Thereafter a reorganization was had, and the bank reopened on December 24, 1930. Before doing so, however, it entered into an agreement with its creditors by which the bank agreed to set aside certain of its assets amounting to $227,452.65 to secure those claims of the creditors which were not assumed by the reorganized bank. These assets became the "Segregated Trust of the Citizens State Bank". By order of the Circuit Court of Oconto County, the defendant trustees were appointed to liquidate the assets as conditions warranted, and to pay the creditors the amounts due each. The trustees duly qualified and began to act as such on February 9, 1931. On that date they obtained a bond from the National Surety Company, under the terms of which the said company became bound to the Clerk of the Circuit Court of Oconto County, his successors in office or assigns, in the sum of $25,000, for the faithful performance and discharge by the trustees of their duties as such. On December 27, 1932, the reorganized bank consolidated with the then Gillett Bank of Gillett, Wisconsin, and thereafter was and still is known as Gillett State Bank.

The trustees so appointed continued to act until February 13, 1939, when they resigned. During the period of their management and control, the assets comprising the trust fund were dissipated to the extent of $76,721.26. The complaint alleges that this loss occurred by reason of the wrongful, negligent, careless, fraudulent, and unfaithful discharge of their duties as trustees in liquidating the assets of the trust.

On or about May 1, 1933, National Surety Company was reorganized or liquidated. A new corporation, National Surety Corporation, one of the defendants herein, was formed on May 1, 1933, and assumed liability upon bonds of the National Surety Company. On May 20, 1933, the defendant Surety Corporation agreed to assume liability for losses arising from or acts caused by the trustees of the segregated trust, as to all liabilities incurred subsequent to May 1, 1933. Upon resignation of the trustees, the plaintiffs Lloyd Hodgins and Edward C. Krueger were appointed successors on July 5, 1939, and are presently acting.

On January 18, 1939, a creditors' committee of the segregated trust began an action in the Circuit Court of Oconto County to recover assets of the trust which were alleged to have been wrongfully received by the bank from the defendant trustees. By agreement between the parties, judgment was entered on January 25, 1939, against the bank in the sum of $12,000.00 This judgment provided that the sum of $12,000.00 was to be in full satisfaction of all claims and demands which the beneficiaries of the segregated trust might have against the Gillett State Bank, although without prejudice to bring any other suits against the defendant trustees or their surety.

We shall first consider the motion to dismiss as presented by the defendant National Surety Corporation. This motion is based upon two main contentions: (1) that the judgment which was entered against the Gillett State Bank on January 25, 1939, in the Circuit Court of Oconto County destroyed the right of subrogation which the Surety Corporation would otherwise have had against the bank, except for said judgment, and that the Surety Corporation is therefore released from further liability on its bond; and (2) that under the terms of the agreement of May 20, 1933, the Surety Corporation only assumed liability as to claims against the defendant trustees subsequent to May 1, 1933, less losses which occurred prior thereto, and that, from the exhibits attached to the complaint, it is apparent the losses which occurred prior to May 1, 1933, greatly exceeded those which occurred thereafter.

■ The Surety Corporation is correct in its contention that in the event the beneficiaries of the trust should obtain a judgment against the defendant trustees and the surety, for the amount of the loss sustained by the trust, upon satisfaction of the judgment by it, the Surety Corporation would be entitled to all rights which the beneficiaries might have had against not only the principal, but also against all third parties. The law is well stated in Stearn's Suretyship (1922) § 248, p. 435, wherein it is said: "The payment by a promisor in suretyship of obligations of the principal subrogates the promisor to all the rights of action which the creditor might have maintained against parties whose wrongful dealings with the principal were the cause of the default." This citation was approved by the Supreme Court of Wisconsin in Martineau v. Mehlberg, 221 Wis. 347, 358, 267 N.W. 9, 13. Although this case was not cited by any of the parties to this action, it seems to be precisely in point. In that case the administrator of an estate conspired with one of the heirs to defraud the other heir out of part of his share of the assets of the estate. The defrauded heir sued both the administrator and the latter's surety. The court said: "On the other hand, the rule is well established that the surety of a fiduciary who has been compelled to respond for the fiduciary's breach of trust is entitled to be subrogated to all rights of action which the cestui que trust or creditor has against the fiduciary and all parties who participated in his wrongful acts which were the cause of the default." (Citing cases)

Another case very much in point is Richfield National Bank v. American Surety Co., 8 Cir., 39 F.2d 387, and it was also cited with approval in the Martineau case, supra. There the treasurer of the school district absconded with funds belonging to the district, and the surety paid the full amount of his defalcations. It then sought reimbursement from the bank where the treasurer had kept the school district funds on the ground that the bank had wrongfully aided the defalcations of the treasurer. The court held that the surety was entitled to the right of subrogation against the bank, stating (39 F.2d at page 390): " 'It would seem clear that where a bank has aided the improper withdrawal of trust funds the surety on the official bond of the trustee, having paid the loss thereby sustained by the cestui que trust, may recover of the bank the loss sustained being subrogated to the rights of the cestui que trust.' 3 R.C.L., § 179, p. 551." See also National Surety Co. v. State Savings Bank, 8 Cir., 156 F. 21, 14 L.R.A.,N.S., 155, 13 Ann.Cas. 421.

■ If judgment were obtained against the Surety Corporation, it would then be entitled to subrogation of all the rights of the beneficiaries of the trust, not only against the defendant trustees, but also against the Gillett State Bank. It appears from the amended complaint that the loss incurred by the trustees subsequent to May 1, 1933, is made up of eight separate items. The exhibits show that the Gillett State Bank was the sole beneficiary of the proceeds comprising these items. Neither the defendant trustees nor any third parties, so far as the exhibits show, benefited from any of the misappropriations occurring within the effective periods of the amended complaint. Therefore, the Surety Corporation was entitled to the right of subrogation as against the Gillett State Bank to the full extent shown by the plaintiffs' claim.

■ However, this right of subrogation was destroyed by the judgment which was entered in the suit brought by the creditors' committee representing the beneficiaries of the trust. While it is true that the stipulation upon which the judgment was based and the judgment itself provided that the entry of judgment should in no manner preclude the plaintiffs from prosecuting an action against any other persons, including the trustees of the trust and the surety, said stipulation and judgment, however, provided that the Gillett State Bank would be held wholly harmless from any such suit. The Surety Corporation was not a party to the State Court action, nor did it in any way consent that the bank be released from further liability as against the beneficiaries. It follows that the action as against the defendant National Surety Corporation must be dismissed.

Considering now the motion on behalf of the defendant Sorenson, it is contended that, because of the institution and consummation of the suit against the Gillett State Bank in the State court, the plaintiffs made an election of remedies which precludes the institution of further suits on the same cause of action.

There appears to be some controversy as to whether the plaintiffs in the present action are substantially the same parties who instituted the suit against the bank. However, both actions were instituted on behalf of the beneficiaries of the trust. The beneficiaries, as a group, were the sole recipients of the fruits of the litigation instituted against the bank. The same parties will receive the benefits of any judgment recovered in the instant proceedings. It follows that the parties plaintiff in both actions are substantially the same.

■ The doctrine of election of remedies may be briefly stated as follows: when a party having two inconsistent remedies has made his election as to which remedy he desires to pursue, he may not thereafter have recourse to the other remedy. In re Miller-Rose Co., 7 Cir., 36 F.2d 203; Rowell v. Smith, 123 Wis. 510, 102 N.W. 1, 3 Ann.Cas. 773; Carroll v. Fethers, 102 Wis. 436, 78 N.W. 604; Franey v. Wauwatosa Park Co., 99 Wis. 40, 74 N.W. 548; Crook v. First National Bank of Baraboo, 83 Wis. 31, 52 N.W. 1131, 35 Am.St.Rep. 17. The question here is whether this doctrine can properly be applied to the instant case. Is the remedy here sought inconsistent with that sought and recovered in the State Court action against the Gillett State Bank?

■ In the State Court action, the claim for recovery was naturally confined to transfers from the trust fund to the Gillett State Bank. If the complaint in this action were directed only to such items, the motion to dismiss would have been granted. However, the amended complaint herein charges the defendant trustees with wrongful misappropriation of trust funds, some of which did not accrue to the benefit of the bank. Paragraph 19(a) of the amended complaint specifically charges that certain of the trust funds were converted to the personal use of the trustees. It does not appear from the complaint that the Gillett State Bank and the defendant trustees were joint tort feasors. Therefore, the relief sought against the Gillett State Bank did not constitute an election of remedies so as to bar the institution of this action against the trustees for money or property which they may have converted to their own use. There are sufficient allegations in the amended complaint to state a claim against the individual trustees. Therefore, the motion of defendant Sorenson to dismiss must be denied.